CARLEY & HAMILTON, INC., ET AL. *v.* SNOOK, CHIEF OF THE DIVISION OF MOTOR VEHICLES, STATE OF CALIFORNIA.

COTTINGHAM ET AL. *v.* SAME.

Nos. 86 and 267. Submitted January 9, 1930.—Decided February 24, 1930.

*Messrs. W. R. Crawford* and *Edwin C. Ewing,* with whom *Mr. J. F. Vizzard* was on the brief, submitted for Carley & Hamilton, Inc., et al., appellants.

*Messrs. W. R. Crawford* and *Henry Hotchkiss,* with whom *Mr. J. F. Vizzard* was on the brief, submitted for Cottingham, et al., appellants.

*Messrs. U. S. Webb,* Attorney General of California, and *William F. Cleary,* Deputy Attorney General, with

whom *Alberta Belford* was on the brief, for Snook, appellee.

Mr. JUSTICE STONE delivered the opinion of the Court.

These are appeals under § 266 of the Judicial Code, from final decrees of District Courts of three judges for the Northern District of California. Each, on motion to dismiss the complaint, dissolved a temporary injunction, dismissed the complaint and upheld the constitutionality of § 77 (b) and (c) of the Motor Vehicle Act of California, 1923 California Statutes, c. 266, as amended, 1927 California Statutes, c. 844. Section 36 (a) requires every motor vehicle operated upon the public highways of the state to be registered. Under § 77 (a) an annual fee of $3.00 is exacted for the registration of all motor vehicles. By subsections (b) and (c), printed in the margin so far as relevant,[1] a graduated license or registration fee, payable

---

[1] Sec. 77. Registration fees. (a) A registration fee of three dollars shall be paid to the division for the registration of every motor vehicle, trailer or semitrailer, except for those which are exempted in this act, and such fee shall be paid at the time application is made for registration.

(b) In addition to the registration fee specified in subdivision (a) of this section, there shall be paid for the registration of every electric passenger motor vehicle a registration fee of ten dollars, and for the registration of every electric motor vehicle designed, used or maintained primarily for the transportation of passengers for hire, or for the transportation of property, there shall be paid fees according to the following schedule:

For each such vehicle weighing when unladen, less than six thousand pounds.................................... $50.00

For each such vehicle weighing, when unladen, six thousand pounds or more, but less than ten thousand pounds......................................... 70.00

For each such vehicle weighing, when unladen, ten thousand pounds or more........................... 90.00

(c) The following registration fees in addition to the registration fee specified in subdivision (a) of this section, shall be paid for the registration of vehicles, including trailers and semitrailers, designed,

in advance, is exacted for registration of motor vehicles used for transportation " of passengers for hire or for transportation of property." The duty of enforcing the Act is committed to the appellee, the Chief of the Division of Motor Vehicles, who is required to deposit the fees collected in the state treasury to the credit of the " motor vehicle fund." After deductions for the support of the Division of Motor Vehicles, the fund is required to be expended, one-half by paying it over to the counties, to be used by them in the construction and maintenance of public roads, the other half for the maintenance of state roads.

Under §§ 51 and 153 (c), operation of a motor vehicle for which the registration fees have not been paid is a

---

used or maintained primarily for the transportation of passengers for hire or for the transportation of property, according to the following table, except that the fees specified in this subsection need not be paid for electric vehicles.

When such vehicles are equipped wholly with pneumatic tires:

For each such vehicle weighing, when unladen, three thousand pounds or more, but less than six thousand pounds.......................................... $15.00

For each such vehicle weighing, when unladen, six thousand pounds or more, but less than ten thousand pounds and limited under the provisions of this act to a total weight, including vehicle and load, not exceeding twenty-two thousand pounds........................ 40.00

For each such vehicle weighing, when unladen, ten thousand pounds or more and limited under the provisions of this act to a total weight, including vehicle and load, not exceeding twenty-two thousand pounds........ 50.00

For each such vehicle weighing, when unladen, six thousand pounds or more and entitled under the provisions of this act to a total weight, including vehicle and load, in excess of twenty-two thousand pounds...... 70.00

When such vehicles are not equipped wholly with pneumatic tires there shall be paid in addition to the fees specified in subdivision (a) of this section fees according to the weight thereof unladen amounting to twice the fees set forth in the foregoing table.

misdemeanor, punishable by fine of not more than $500, or imprisonment for not more than six months, or both. By § 81, fees not paid for thirty days after they become due are doubled. Their payment is secured by a lien upon the vehicles required to be registered, enforcible by seizure and sale.

Incorporated cities in California may enact ordinances requiring license fees for the operation of motor vehicles used in transporting passengers for hire, and property, within city limits. Constitution of California, Art. XI, §§ 11, 12; § 145 Motor Vehicle Act. It is conceded that all California cities have passed ordinances imposing such registration fees, varying from $5 to $42 per motor vehicle, in addition to those scheduled in § 77, and that 75% of the fees collected under these ordinances are applied to the maintenance of streets in cities.

The appellants in both suits are owners of motor vehicles of various types, described in § 77 (b) or (c), which appellants in No. 86 operate exclusively over highways within the limits of incorporated cities, and which appellants in No. 267 operate over highways principally within but partly without city limits. Both complaints assail the validity of the Act under the Constitution of California and the Fourteenth Amendment of the Federal Constitution. The bill in No. 86 was filed December 29, 1928. Its allegations, admitted by the motion to dismiss, are that the appellants will be required to pay license fees for the ensuing year on or before January 31st, 1929, in order to use their motor vehicles upon streets of incorporated cities, and to avoid the destruction of their business and irreparable loss by the seizure and sale of their motor vehicles and the imposition of the penalties of the Act, which appellee threatens to enforce. See *Packard* v. *Banton*, 264 U. S. 140.

Appellants insist that the registration fees imposed by § 77 (b) and (c) are in effect tolls for the use of the high-

ways maintained by the state, see *Matter of Application of Schuler,* 167 Cal. 282, 290; *Bacon Service Corp.* v. *Huss,* 199 Cal. 21, 29, and as they pay the license tax imposed by the cities for the use of city streets, the exaction of the additional " tolls " with respect to highways outside of cities, which appellants in No. 86 do not use and which the appellants in No. 267 use less than the city streets, is a violation of the Fourteenth Amendment.

This argument is based upon cases in this Court arising, not under the Fourteenth Amendment, but the commerce clause of the Constitution, where the tax assailed was levied by a state on interstate carriers and purported to be exacted for their use of the state highways. In such cases this Court must ascertain whether a forbidden burden is imposed on interstate commerce. For that purpose it may inquire whether the tax bears some reasonable relation to the use of the state facilities by the carrier. *Sprout* v. *South Bend,* 277 U. S. 163; *Interstate Busses Corporation* v. *Blodgett,* 276 U. S. 245, 246; *Hendrick* v. *Maryland,* 235 U. S. 610; *Kane* v. *New Jersey,* 242 U. S. 160; *Clark* v. *Poor,* 274 U. S. 554.

But we are now concerned only with the use of motor cars in intrastate commerce, and, in any case, not the precise name which may be given to the money payment demanded, but its effect upon the persons paying it, is of importance in determining whether the Constitution is infringed. Whatever other descriptive term may be applied to the present registration fees, they are exactions, made in the exercise of the state taxing power, for the privilege of operating specified classes of motor vehicles over public highways, and expended for state purposes. Such fees, if covered into the state treasury and used for public purposes, as are general taxes, obviously would not offend against the due process clause. Nor can we see that they do so the more because the state has designated the particular public purposes for

which they may be used.   There is nothing in the Federal Constitution which requires a state to apply such fees for the benefit of those who pay them.   See *Thomas v. Gay,* 169 U. S. 264, 280.

A corollary of this contention is that although the fees are not *per se* disproportionate to the privilege of operating over all the highways of the state, appellants are nevertheless entitled to receive licenses limiting the operation of their motor cars to the few highways which they wish to use, upon payment of correspondingly reduced fees.   But no constitutional principle is suggested, and we know of none, which would enable a licensee thus to regulate the extent of the privilege granted or to assail an otherwise valid tax upon it merely because a reduction of the privilege and the tax would better suit his convenience or his pocketbook.

The objection that the appellants should not be required to pay the challenged fees because they are already paying the city license tax is but the familiar one, often rejected, that a state may not, by different statutes, impose two taxes upon the same subject matter, although, concededly, the total tax, if imposed by a single taxing statute, would not transgress the due process clause.   See *Swiss Oil Corporation v. Shanks,* 273 U. S. 407, 413; *St. Louis, Southwestern Ry. v. Arkansas,* 235 U. S. 350, 367, 368; *Shaffer v. Carter,* 252 U. S. 37, 58; *Fort Smith Lumber Co. v. Arkansas,* 251 U. S. 532, 533.

Only a word need be said of appellants' contention that the exemption of all vehicles weighing less than 3,000 pounds, although their loaded weight may be much more than vehicles not exempt, infringes the equal protection clause of the Fourteenth Amendment and the similar § 21 of Art. I of the State Constitution.[2]   That the legislature

---

[2] "  .  .  .   Nor shall any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens."

may graduate the fees according to the propensities of the vehicles to injure or to destroy the public highways, and may exempt those with respect to which this tendency is slight or nonexistent, cannot be doubted. We may not assume that vehicles weighing less than 3,000 pounds, with loads which they usually carry, are not of this class, or that vehicles weighing more than 3,000 pounds with their accustomed burden added do not have this tendency. It is for the legislature to draw the line between the two classes. *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283, 300, 301; *Clark* v. *Titusville,* 184 U. S. 329, 331; *Quong Wing* v. *Kirkendall,* 223 U. S. 59, 62; *Citizens Telephone Co.* v. *Fuller,* 229 U. S. 322; *Watson* v. *State Comptroller,* 254 U. S. 122, 125; *Franchise Motor Freight Assn.* v. *Seavey,* 196 Cal. 77, 81; *In re Schmolke,* 199 Cal. 42, 48; cf. *Fifth Avenue Coach Co.* v. *New York,* 221 U. S. 467, 484; *Packard* v. *Banton, supra; Silver* v. *Silver,* 280 U. S. 117, 123.

These conclusions are decisive of the like questions raised in No. 267. An additional objection raised in that suit is that the registration fees under § 77 are " tolls " prohibited by the Federal Highway Act, 42 Stat. 212, under which the state has received grants of federal aid for the construction and reconstruction of highways. Section 9 of the Federal Highway Act provides " that all highways constructed or reconstructed under the provisions of this Act shall be free from tolls of all kinds."

The present registration fees cannot be said to be tolls in the commonly accepted sense of a proprietor's charge for the passage over a highway or bridge, exacted when and as the privilege of passage is exercised. See *Huse* v. *Glover,* 119 U. S. 543, 548; *Sands* v. *Manistee River Imp. Co.,* 123 U. S. 288, 293; *St. Louis* v. *Western Union Telegraph Co.,* 148 U. S. 92, 97. The fact that registration fees are imposed generally upon all residents who use motor vehicles within the state, without reference to any

particular highways or to the extent or frequency of the use, and that, as in California, they are not exacted of non-resident automobilists passing through the state (1923 California Statutes, c. 266, § 47,) marks them as demands of sovereignty, not of proprietorship, and likens them to taxes rather than tolls. The fact that they may have been held justified, in other connections, because of their similarity to " tolls for the use of highways " affords no basis for saying that the present fees are prohibited tolls within the meaning of the Federal Highway Act.

Such fees were a common form of state license tax before the Federal Highway Act was adopted in 1921. That act contemplated the continued maintenance by the States of state highways, constructed with federal aid, the expense of which must necessarily be defrayed from revenues derived from state taxation. It cannot be supposed that Congress intended to procure the abandonment by the states of this well recognized type of taxation without more explicit language than that prohibiting tolls found in § 9. Judgments in both cases

*Affirmed.*