STATE OF FLORIDA, *Appellant*, vs. OVERSTATE TRANSPORTATION COMPANY, a corporation, *Appellee.*

En Banc.

Opinion filed March 13, 1931.

*Fred H. Davis,* Attorney General for Appellant; *Watson & Pasco & Brown* for Appellee.

WHITFIELD, P.J.—The State brought suit under the statute to enforce a lien for the non-payment of motor vehicle license fees for operating on the public highways, it being in effect alleged that the Overstate Transportation Company, a corporation, organized and existing under the laws of the State of Alabama, having its principal office in Mobile, Alabama, is engaged only in the interstate business of transporting passengers for hire by means of motor vehicles and motor busses, from points in Alabama to points in Florida; "that under existing statute laws in the State of Florida, motor vehicles operated for hire by non-resident persons, natural or artificial, are required to pay an annual license tax, based upon the weight of the said vehicle, and the number of passengers carried, and at a different rate where the said motor vehicle is equipped with pneumatic tires and solid tires; that the said license tax is payable on the first day of January of each and every year"; that the defendant company has continuously operated its said motor vehicles upon the highways of the State of Florida, and continues daily to operate the said motor vehicles without having paid the license tax for two years.

The answer avers that

"the laws of the State of Florida exempt all vehicles operated by non-residents other than vehicles operated for hire; that if the law is construed to apply to busses operated exclusively in interstate commerce, as those of the defendant are operated, then said law constitutes an unlawful discrimination against interstate commerce; that if said law is construed as applicable to busses operated exclusively in interstate commerce, then it imposes the same tax on busses operated in the state that use the roads daily and hourly as is imposed on vehicles like those of the defendant that incidentally pass over a few miles of road on one trip per day. For

all of which reasons this defendant avers that it is not subject to the license tax as alleged in the bill of complaint.''

An amendment to the answer avers:

''that the license tax charged by said law is not in any manner or form prorated or apportioned to the amount of use the busses make of the highways of the State of Florida; that if the law as set forth and claimed in the bill of complaint herein were enforced against this de-defendant in its interstate business as aforesaid, the license charges as provided in said law would be so burdensome as to make it impossible for this defendant to operate its bus line in interstate commerce without suffering an actual loss in said operation. The defendant therefore avers that the said Act as construed by the complainant is in violation of the Constitution of the United States and void.''

A decree was rendered as follows:

''This cause coming on for final hearing upon bill and answer, and the Court having heard the argument of counsel and being advised of its opinion:

IT IS ORDERED, ADJUDGED AND DECREED:

That the equities are with the defendant, and that the complainant is not entitled to the relief prayed for in its bill of complaint herein, and that the said bill of complaint be and it is hereby dismissed.''

The State appealed and assigned the decree as error.

The statute imposes upon passenger motor busses operated or driven upon the highways of this State a charge upon each bus with seating capacity over seven, exclusive of driver, per one hundred pounds (or major fraction there of) gross weight, pneumatic tires $1.50, solid tires $3.00, and in addition a charge for busses per passenger capacity, over seven and not over sixteen, driver excluded, $10.00

each; over sixteen, driver excluded, $15.00 each. Sections 1281, 1285, Compiled General Laws.

The charge imposed is made by the State for the permissive use of all the public highways of the State and the receipts are mainly used for the construction and maintenance of such highways. There is a proper basis for classification between the use of the highways for transportation by the public generally and their use in the business of transportation for compensation; the charge is the same for busses that are operated only on the Florida side of the State line which excludes discrimination; the charge is not upon interstate commerce, but for the authorized use of all the public roads of the State, and is not unreasonable even though the privilege be exercised only on a small part of the State road. The constitution does not require the State to accommodate its regulations to the purposes of private parties. Nor is it objectionable because it is a uniform charge to all under similar conditions. The busses were operated daily, and the privilege under the statutes then in force was extended to the use of all the roads of the State and the receipts were devoted to road maintenance. See Carley & Hamilton v. Snook, 281 U. S. 66, 74 Law Ed. 704. There are material differences between this case and that of Sprout v. City of South Bend, 277 U. S. 163, 72 Law Ed. 833. See Alkazin v. Fla. Ry. Com., 44 Fed. (2nd); Johnson T. & F. Lines v. Perry, Jan. 24, 1931, U. S. Dist. Ct. N. D. of Ga.

Reversed.

BUFORD, C.J., AND ELLIS, TERRELL AND BROWN, J.J., AND HUTCHISON, Circuit Judge, concur.

DAVIS, J., disqualified.