## BRADEN et v SENIOR

Ohio Appeals, 1st Dist, Hamilton Co

No 4397.   Decided Jan 8, 1934

John W. Bricker, Attorney General, Columbus, Raymond C. Kunkel, Assistant Attorney General, Cincinnati, and Thomas C. Lavery, for the Tax Commission of Ohio.

Louis J. Schneider, Prosecuting Attorney Cincinnati and Walter M. Locke, Assistant Prosecuting Attorney, Cincinnati, for the Auditor and Treasurer of Hamilton County.

Paxton & Seasongood, Cincinnati, for defendant in error.

194

Sec 5323 GC. "* * * Annuities, royalties, and other contractual obligations for the periodical payment of money and all contractual and other incorporeal rights of a pecuniary nature whatsoever from which income is or may be derived, however evidenced, excepting (1) patents and copyrights and royalties derived from each, (2) interests in land and rents and royalties derived therefrom, other than equitable interests divided into shares evidenced by transferable certificates * * *."

The following sections are also pertinent:
Sec 5388 GC. "* * * In listing investments, the amount of the income yield of each for the calendar year next preceding the date of listing shall, excepting as otherwise provided in this chapter, be stated in dollars and cents and the assessment thereof shall be at the amount of such income yield. * * *"

Sec 5389 GC. "* * * "Income Yield" as used in §5388 GC and elsewhere in this title means the aggregate amount paid as income by the obligor, trustee or other source of payment to the owner or owners, or holder or holders of an investment, whether including the taxpayer of not, during such year, * * *."

Sec 5322 GC. " "Real Property" and "land". The terms "real property" and "land" as so used, include not only land itself, whether laid out in town lots or otherwise, with all things containes therein but also, unless otherwise specified, all buildings, structures, improvements, and fixtures of whatever kind thereon, and all rights and privileges belonging, or appertaining thereto."

Article XII, §2 of the Ohio Constitution provides that: "Land and improvements thereon shall be taxed by uniform rule according to value."

It is contended by the defendant in error that the property sought to be taxed evidenced by the certificates is in reality in those instances involving land outside of Ohio, an interest in land outside of Ohio, and as to the land in Ohio is a tax upon an interest in land in Ohio; that in the first case being real property outside the state, it is beyond the jurisdiction of Ohio taxing authorities and in the case of the Ohio property, the tax is paid by the owners in possession, and this tax upon defendant in error amounts to double taxation.

**OPINION**

By ROSS, J.
The statutes of Ohio define investments in part as follows:

It is further contended that the classification adopted is discriminatory, unfair, and illegal, in that legal interests in land, whether divided into shares and evidenced by transferable certificates or not are specifically exempted in the statute, as well as equitable interests in land not divided into shares evidenced by transferable certificates, (§5323, GC) while equitable interests in land divided into shares evidenced by transferable certificates are made taxable by the exception within the exception in the section of the code just noted. In other words, the tax is leveled at the particular interests last mentioned only, and that there is no material mark of distinction or differentiation except the division of the interest into shares evidenced by a transferable certificate.

Taking the first contention, that the tax is in effect an attempt to tax real estate outside the jurisdiction of the state of Ohio, as it is applied to the interests in trust involving land lying without the State, we consider this now disposed of by the case of **Rowe v Braden, 126 Oh St, 533**, in which case the identical section of the statutes herein involved was considered.

There is no more authority in a state to tax personal property without the state than there is to tax real estate. **Anderson v Durr, Auditor et, 100 Oh St, 251, 259.** Southern Pacific Co. v Commonwealth of Kentucky, 222 U. S., 63, 74.

The syllabus in the case of Rowe v Braden is as follows:

"Where R. created an irrevocable trust, with corpus located in another state, and appointed a trustee resident of such other state, who, under the terms of the trust, pays the beneficial interest thereof to the widow of R. as cestui que trust, a resident of this state, on the basis of income yield from such trust fund, §§5323, 5328-1, 5370, 5388, 5389 and 5638, GC (114 Ohio Laws, 714), known as the intangible tax law, requiring such cestui que trust as a beneficiary of such trust fund to list and return such equitable interest in the property for the purpose of taxation, do not violate the Fourteenth Amendment or any other provision of the federal or state Constitution."

In the opinion, the court say:
"These quotations from the opinion of the Supreme Court in our judgment demonstrate that the reasoning and principle by which the court reached its conclusion of the constitutionality of the Massachusetts statute were: (1) That the tax it imposed was on an equitable interest in property, owned and protected in Massachusetts, and distinct from the legal ownership of the trust in Pennsylvania; and (2) that as the domicile of the owner was in the state of Massachusetts this equitable property interest had its situs there, and was, in consequence, subject to the jurisdiction of that state for taxation purposes.

"The objection is made on behalf of the plaintiff in error that "we are here dealing with a property tax, not an income tax or an excise tax," and that as the tax in question in the instant case is a property tax the case of Maguire v Trefry, Tax Commissioner, supra, is not in point.

"This objection is not well taken. The tax under consideration in the case of Maguire v Trefry, supra, and in the case of Maguire v Tax Commissioner, supra, affirmed by the Supreme Court of the United States, was declared to be a property tax. In the latter case the court in its opinion said: 'The tax here in question is a property tax. Tax Commissioner v Putnam. 227 Mass., 522, 531, 532 (116 NE, 904, L.R.A., 1917F, 806). Whether it be regarded as a tax on the right of the cestui que trust or a tax on the income as received, in either event a property tax is permissible.

"In the case of Maguire v Trefry, Tax Commissioner, supra, the court in its opinion said: "It is this property right belonging to the beneficiary, realized in the shape of income, which is the subject-matter of the tax under the statute of Massachusetts."

"It is not material in the decision of this case, whether, as in Massachusetts, the tax imposed is designated a tax on income, which is derived from the resident beneficiary's interest in the trust, or, as in Ohio, the tax imposed is designated a tax on the resident beneficiary's interest in the trust, as measured by the income therefrom, because, under the ruling of the Supreme Court of the United States in the case of Maguire v Trefry, Tax Commissioner, supra, "It is this property right belonging to the (resident) beneficiary, realized in the shape of income," which is taxed.

"As the facts in that case are quite parallel to those in the instant case, and its legal conclusions, drawn therefrom, equally as applicable, it is the property right belonging to the resident beneficiary, measured by the income, which is taxed in Ohio in the case under consideration."

* * *

"The equitable interest for life in the plaintiff in error, created by this trust, is a

right enforceable at law, being of a personal nature, and has a situs at her domicile, which is in Hamilton County, Ohio. The question involved is one of situs rather than a question of particular species of tax which is to be levied."

There is no essential difference between the interest taxed in the Rowe case and that in the instant case. Both are equitable in character and represented by income received by persons within the borders of the state.

If an equitable interest in personal property without the State is taxable, why should a different rule be applied to an equitable interest in real property? It is obvious therefore that it has been held in Ohio that the interest of the defendant in error is not identical with the interest of the owner of the fee. The force of this holding is also directly applicable to the interest in the trust property in Ohio. It is plain that if as to property without the state, there is such complete insulation between the legal and equitable interests, there is no sound reason why there should be such an identity of interest as to property within the state, that the legal and equitable titles should be considered one and justify the claim that the tax of one is a tax upon the other.

The obvious intent of the statute is to reach just such interests as are herein involved. There can be no mistake about this purpose.

The Supreme Court having justified the act as to one interest, as being wholly distinct and separate from the res, it is difficult to see how any distinction can be drawn between that involved in Rowe v Braden and the one here considered.

As to the claim of the double, dual, or duplicate taxation,—what has been said is in itself an answer to this contention. The tax in question is a tax upon an equitable interest as represented by income received in this State, in one case from property outside of the state, in the other, from property within it. This equitable interest has only been subjected to one tax as far as we are here concerned. This is true both as to the Ohio property and that outside Ohio. There is then in the strict sense no double or duplicate taxation of the same property, involving the same owner or an identical interest.

If by double taxation is meant that in a broad sense the same property has sustained several taxes according to the varied ownerships of the holders of particular interests, the contention must fail in bringing the provision within those cases prohibited by the Federal Constitution. Baker, Receiver, etc. et v Druesedow, Tax Collector, 263 U. S. 137.

There is no prohibition in the Ohio Constitution against double taxation as such.

In Carley & Hamilton v Snook, 281 U. S., 66, (68 A.L.R., 194, at page 198), the Supreme Court of the United States say:

"The objection that the petitioners should not be required to pay the challenged fees because they are already paying the city license tax is but the familiar one, often rejected, that a state may not, by different statutes, impose two taxes upon the same subject-matter, although, concededly, the total tax, if imposed by a single taxing statute, would not transgress the due process clause. See Swiss Corp. v Shanks, 273 U. S. 407, 413, 71 L. ed. 709, 713, 47 Sup. Ct. Rep. 393; St. Louis Southwestern R. Co. v Arkansas, 235 U. S. 350, 367, 368, 59 L. ed. 265, 273, 35 Sup. Ct. Rep. 99; Shaffer v Carter, 252 U. S. 37, 58, 64 L. ed. 445, 459, 40 Sup. Ct. Rep. 221; Ft. Smith Lumber Co. v Arkansas, 251 U. S. 532, 533, 64 L. ed. 396, 398, 40 Sup. Ct. Rep. 304."

Instances of such double taxation are to be found in every jurisdiction. The stockholder through the corporate fiction pays a tax upon his stock after the corporation has diminished his revenue by the payment of many forms of tax. The mortgagee and the owner pay taxes upon their respective interests. Solvent credits may be taxed to the creditor, although the debtor is taxed upon all his property. The amount due on a policy of insurance may be taxed to the beneficiary, although the funds out of which it is paid are taxed to the insurance company. 26 R.C.L. p. 265, §233. Lee, Treas. v Sturges, Insurance Co. v Ratterman, Treas., 46 Oh St, 153, 162.

It is charged that the act is unjust, unfair, and that the discrimination between the interests taxed and those exempted by the act is based upon a fanciful, capricious difference.

The exclusion of §5323, GC, is specific in referring to interests in land and rents and royalties derived therefrom, and then excepting from the exception equitable interests (in land) divided into shares evidenced by transferable certificates. If it had been determined that the interest in question was an interest in land (which since we follow Rowe v Braden, supra, it cannot be), then there could be no question of discrimination to now

decide, for the tax would be extra-territorial and void. Not being an interest in land, the particular section noted as discriminatory is not applicable. Is the classification otherwise discriminatory? Reference to the authorities convince us that it does not fall within the category of distinctions that are palpably unreasonable, capricious, or fanciful.

The following are noted out of many authorities of similar import:

"Whether the severity of penalties for non-compliance with a state statute renders it unconstitutional under the Fourteenth Amendment will not be considered in an action in which the State does not ask for any penalties.

"The Fourteenth Amendment was not intended to cripple the taxing power of the States or to impose upon them any iron rule of taxation.

"This court will not speculate as to the motive of a State in adopting taxing laws, but assumes—the statute neither upon its face nor by necessary operation suggesting a contrary assumption—that it was adopted in good faith." Southwestern Oil Co. v State of Texas, 217 U. S., 114, paragraphs 3, 4, and 5 of the syllabus.

In Brown-Forman Co. v Commonwealth of Kentucky, 217 U. S. 563, it is stated in the 2nd and 3rd paragraphs of the syllabus:

"The function of taxation is fundamental to the existence of the governmental power of the States, and the restriction against denial of equal protection of the law does not compel an iron rule of equal taxation, prevent variety in methods, or the exercise of a wide discretion in classification.

"A classification which is not capricious or arbitrary and rests upon reasonable consideration of difference of policy does not deny equal protection of the law, and so held that the classification in the Kentucky act of 1906, imposing a license tax on persons compounding, rectifying, adulterating, or blending distilled spirits, is not a denial of equal protection of the law because it discriminates in favor of the distillers and rectifiers of straight distilled spirits."

State Board of Tax Commissioners of Indiana v Jackson, 283 U. S., 527, 537, 540. The 3rd, 4th, and 7th paragraphs of the syllabus are as follows:

"3. As applied to the fundamental state power of taxation, the equal protection clause does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations, p. 537.

"4. The fact that a statute discriminates in favor of a certain class does not make it arbitrary, if the discrimination is founded upon a reasonable distinction, or if any state of facts reasonably can be conceived to sustain it.

"7. An Indiana statute lays an annual license tax on stores, increasing progressively with the number of stores under the same general management, supervision or ownership—such that, in the present case, the owner of a "chain" of some 225 stores selling groceries, fresh vegetables and meats, was obliged to pay $5,443.00, whereas the owner of a single store only, through it involved a much greater investment and income, would pay but $3.00. Held not violative of the equal protection clause, in view of the distinctions and advantages which combine and are exerted in a single ownership and management of a series of like stores in different locations, as compared with mere cooperative associations of independent stores, or with department stores selling many kinds of goods under the same roof."

The court say in the opinion, at page 340:

"In Rast v Van Deman & Lewis Co., supra (240 U. S. 342) a statute placing taxes additional to the usual occupations taxes on persons who offered, with merchandise bargained or sold in the course of trade, coupons, profit-sharing certificates, or the like, was attacked as being arbitrary and unreasonable, in that the only difference between the other merchants and those who used trading stamps was a difference in the method of advertising. This court said, however (p. 357):

"'The difference between a business where coupons are used, even regarding their use as a means of advertising, and a business where they are not used, is pronounced. Complainants are at pains to display it. The legislation which regards the difference is not arbitrary within the rulings of the cases. It is established that a distinction in legislation is not arbitrary, if any state of facts reasonably can be conceived that would sustain it, * * *'."

Lawrence et v State Tax Commission of Mississippi, 286 U. S., 276, 284. The 8th paragraph of the syllabus is as follows:

"8. The equal protection clause does not require the State to maintain a rigid rule of equal taxation, to resort to close distinctions, or to maintain a precise scientific uniformity; and possible differences in tax burdens not shown to be substantial, or which are based on discriminations not shown to be arbitrary or capricious, do not fall within constitutional prohibitions."

See also: Stebbins and Hurley, Executrix and Executor, etc. v Riley, Controller of the State of California, 268 U. S. 137. Heisler v Thomas Colliery Co. et, 260 U. S., 245. Ohio Oil Co. v Conway, 281 U. S., 146, 159. 26 R.C.L., p. 249, §221. 61 Corpus Juris, p. 126, et seq.

Even if the statute were applicable, there is an obvious difference between an interest consisting of an entity and one divided into many shares, evidenced by transferable certificates.

We find no unreasonableness in the classification.

For these reasons, the judgment of the Court of Common Pleas is reversed, and judgment may be here entered for the plaintiff in error.

HAMILTON, PJ, and CUSHING, J, concur.