**WERNER TRANSP. CO. et al. v. HUGHES,**
Secretary of State of Illinois, et al.
No. 15487.

District Court, N. D. Illinois, E. D.
June 18, 1937.

428

James C Leaton and Franklin R. Overmyer, both of Chicago, Ill., for plaintiff.

Otto Kerner, Atty. Gen., and Jerome F. Dixon, of Chicago, Ill., for defendant.

Before EVANS, Circuit Judge, and BARNES and HOLLY, District Judges.

BARNES, District Judge (after stating the facts as above).

■ Does section 131 of the Illinois Uniform Act Regulating Traffic on Highways (Smith-Hurd Ill.Stats. c. 95½, § 228), violate the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution because its provisions, fixing the maximum weights of motor vehicles, constitute an unreasonable and arbitrary interference with the rights of the plaintiffs to the use of the highways of Illinois? In exercising its authority over its highways, the state may prevent the wear and hazards due to excessive size of vehicles and weight of load. Limitations of size and weight are manifestly subjects within the broad range of legislative discretion. Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 585, 76 L.Ed. 1167; Morris v. Duby, 274 U.S. 135, 47 S.Ct. 548, 550, 71 L. Ed. 966; People v. Linde, 341 Ill. 269, 173 N.E. 361, 72 A.L.R. 997; Contract Cartage Co. v. Morris (D.C.) 59 F.(2d) 437. In Morris v. Duby, supra, it was said: "The mere fact that a truck company may not make a profit unless it can use a truck with load weighing 22,000 or more pounds does not show that a regulation forbidding it is either discriminatory or unreasonable. That it prevents competition with freight traffic on parallel steam

railroads may possibly be a circumstance to be considered in determining the reasonableness of such a limitation, though that is doubtful, but it is necessarily outweighed when it appears by decision of competent authority that such weight is injurious to the highway for the use of the general public and unduly increases the cost of maintenance and repair."

The language of the court in Sproles v. Binford, supra, is particularly applicable here: "When the subject lies within the police power of the state, debatable questions as to reasonableness are not for the courts but for the Legislature, which is entitled to form its own judgment, and its action within its range of discretion cannot be set aside because compliance is burdensome." See, also, Standard Oil Co. v. Marysville, 279 U.S. 582, 586, 49 S.Ct. 430, 73 L.Ed. 856.

The fact that, under the Illinois statute, a tractor full trailer combination weighing 72,000 pounds may be used while plaintiff's tractor semitrailer combination weighing 45,000 pounds may not be used does not invalidate the statute. The Legislature, in making its classifications, is entitled to consider frequency and character of use and to adapt its regulations to the classes of operations, which, by reason of their extensive as well as constant use of the highways, brought about the conditions making the regulations necessary. Continental Baking Co. v. Woodring, 286 U.S. 352, 52 S.Ct. 595, 76 L.Ed. 1155, 81 A.L.R. 1402; Sproles v. Binford, supra. In Carley & Hamilton v. Snook, 281 U.S. 66, at page 72, 50 S.Ct. 204, 207, 74 L.Ed. 704, 68 A.L.R. 194, it was said: "That the Legislature may graduate the fees according to the propensities of the vehicles to injure or to destroy the public highways, and may exempt those with respect to which this tendency is slight or nonexistent, cannot be doubted."

We are of opinion that section 131 of the Illinois statute, fixing maximum weights for motor vehicles, is a reasonable exercise of police power and involves no such arbitrary or unreasonable discrimination as to justify this court in declaring it violative of the Fourteenth Amendment.

Does section 131 of the Illinois Act violate the Commerce Clause of the United States Constitution by imposing an unreasonable burden upon interstate commerce? A state is properly interested in preventing, and should be allowed considerable latitude to enact statutes designed to prevent undue wear and destruction of roadbeds, overcrowding and congestion of highways and use of highways by vehicles dangerous to traffic because of size and weight. 31 Mich.Law Rev., p. 934. While, of course, a state may not discriminate against interstate commerce in the absence of national legislation especially covering the subject, the state may rightly prescribe uniform regulations adapted to promote safety upon its highways and the conservation of their use, applicable alike to vehicles moving in interstate commerce and those of its own citizens. Hendrick v. Maryland, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385; Morris v. Duby, 274 U.S. 135, 47 S.Ct. 548, 71 L.Ed. 966; Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167. Plaintiffs say that the statute in question directly burdens interstate commerce because the maximum gross weights allowed by adjoining states are in excess of the maximum weight allowed by the statute in question. The real question here is not whether the weight allowed by Illinois is less than those allowed by Minnesota and Wisconsin, but is, rather, whether the regulations imposed by Illinois bear some reasonable relation to the results sought to be accomplished. Carley & Hamilton v. Snook, 281 U.S. 66, 71, 50 S.Ct. 204, 206, 74 L.Ed. 704, 68 A.L.R. 194; Sprout v. South Bend, 277 U.S. 163, 48 S.Ct. 502, 72 L.Ed. 833, 62 A.L.R. 45; Hendrick v. Maryland, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385. We believe that there is a reasonable relation between the limitation of weights prescribed by Illinois and the results sought to be accomplished and that, accordingly, the statute does not impose an unreasonable burden upon interstate commerce.

We now come to the question as to whether section 131 of the Illinois Uniform Act Regulating Traffic on Highways (Smith-Hurd Ill.Stats. c. 95½, § 228), has been superseded by the Federal Motor Carrier Act, 1935, and particularly by section 204(a)(1) thereof (49 U.S.C.A. § 304(a)(1), which has been quoted above. We are clear that it has not been superseded. The fact that the Interstate Commerce Commission is expressly given the power by section 225 of the Federal Motor Carrier Act, 1935 (49 U.S.C.A. § 325), to investigate and report on the need for federal regulation of the size and weight of motor vehicles negatives the idea that the power to regulate the

size and weight of motor vehicles was embraced in the more general language of section 204(a) (1). Other courts, which have considered this question, have arrived at the same conclusion. L. & L. Freight Lines v. Railroad Comm. of Florida (D.C.) 17 F.Supp. 13; Barnwell Bros. v. South Carolina State Highway Dept. (D.C.) 17 F.Supp. 803; Railroad Comm. of Texas v. Southwestern Greyhound Lines (Tex.Civ. App.) 92 S.W.(2d) 296.

■ Sections 41, 42, 43 and 44 of an act of the General Assembly of the state of Illinois, entitled "an Act in relation to the regulation of traffic," approved July 9, 1935 (sections 138 to 141, both inclusive, chapter 95½, Smith-Hurd's Ill. Revised Stats.1935) relate to the reporting of accidents to the Department of Public Works and Buildings of the state of Illinois. As has been indicated above, the rules relating to "Reporting of Accidents," prescribed by the Interstate Commerce Commission, pursuant to the authority conferred by section 204(a) (1) of 'the Motor Carrier Act, 1935, became effective April 1, 1937, and the question arises, Have those rules superseded the Illinois statutes in question? The rule applicable has been well stated by the Supreme Court in the case of Savage v. Jones, 225 U.S. 501, at page 533, 32 S.Ct. 715, 726, 56 L.Ed. 1182, as follows:

Is, then, a denial to the state of the exercise of its power for the purposes in question necessarily implied in the Federal Statute? For when the question is whether a Federal act overrides a state law, the entire scheme of the statute must, of course, be considered, and that which needs must be implied is of no less force than that which is expressed. If the purpose of the act cannot otherwise be accomplished—if its operation within its chosen field else must be frustrated and its provisions be refused their natural effect—the state law must yield to the regulation of Congress within the sphere of its delegated power. Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L. Ed. 553, 9 Ann.Cas. 1075; Northern Pac. Ry. Co. v. Washington, 222 U.S. 370, 378, 32 S.Ct. 160, 56 L.Ed. 237; So. Ry. Co. v. Reid, 222 U.S. 424, 436, 32 S.Ct. 140, 56 L. Ed. 257.

"But the intent to supersede the exercise by the state of its police power as to matters not covered by the Federal legislation is not to be inferred from the mere fact that Congress has seen fit to circumscribe its regulation and to occupy a limited field. In other words, such intent is not to be implied unless the act of Congress, fairly interpreted, is in actual conflict with the law of the state."

See, also, Reid v. Colorado, 187 U.S. 137, 147, 148, 23 S.Ct. 92, 47 L.Ed. 108; Missouri Pac. R. R. Co. v. Norwood, 283 U.S. 249, 256, 51 S.Ct. 458, 462, 75 L.Ed. 1010; Napier v. Atlantic Coast Line R. Co., 272 U.S. 605, 611, 47 S.Ct. 207, 209, 71 L. Ed. 432; Morris v. Duby, 274 U.S. 135, 143, 47 S.Ct. 548, 549, 71 L.Ed. 966. The making of a report, whether it be to the Interstate Commerce Commission or to the Department of Public Works and Buildings of the state of Illinois, cannot be said to be an end in itself. Presumably the reports are required in order that the Interstate Commerce Commission, on the one hand, and the Department of Public Works and Buildings of the state of Illinois, on the other, may determine whether the laws and rules in force are operating in accordance with the legislative intent. One purpose of the reports to the Highway Commission is doubtless the gathering of statistics upon the operation of the laws relating to sizes and weights of trucks and, as we have seen, that is one field of regulation which the federal government has not entered. Accordingly, so far as the reporting of accidents is concerned, the federal law and the rules of the Interstate Commerce Commission prescribed in pursuance thereof may be given their full force and effect and yet there is ample room for the operation of the state laws relating to the reporting of accidents. It results that sections 41, 42, 43 and 44 (sections 138 to 141 of chapter 95½, Smith-Hurd's Ill. Revised Stats.1935) have not been superseded by the federal law or by the rules prescribed in pursuance thereof.

■ As we have seen, the other rules prescribed by the Interstate Commerce Commission pursuant to section 204(a) (1) of the Motor Carrier Act, 1935, that is, rules relating to "Qualification of Drivers," "Driving of Motor Vehicles," and "Parts and Accessories Necessary for Safe Operation," do not become effective until July 1, 1937. No doubt some of these rules relate to some of the same subjects covered by various of the provisions of the Illinois Uniform Act Regulating Traffic on Highways and sections 33–35, chapter 95½, Smith-Hurd Ill.Stats., paragraphs 28–30, chapter 95a, Ill.Rev.Stats. (Illinois Motor

434

Vehicle Act), but we think the rule stated by the Supreme Court in Northwestern Bell Tel. Co. v. Railway Comm., 297 U.S. 471, 480, 56 S.Ct. 536, 539, 80 L.Ed. 810, is applicable: "In any event, we think that section 20(5) cannot be read as authorizing the Interstate Commerce Commission to supplant state power to regulate depreciation rates of telephone companies except by prescribing a rate administratively determined by the commission itself. A direction that the commission, as soon as practicable, prescribe depreciation rates, is hardly to be read as authority to permit the telephone companies to fix the rates for themselves in defiance of state power."

See, also, Missouri Pac. Ry. Co. v. Larabee Mills Co., 211 U.S. 612, 29 S.Ct. 214, 53 L.Ed. 352; Carey v. South Dakota, 250 U.S. 118, 39 S.Ct. 403, 63 L.Ed. 886; Smith v. Illinois Bell Tel. Co., 282 U.S. 133, 159, 51 S.Ct. 65, 72, 75 L.Ed. 255. These federal rules do not become effective until July 1, 1937, and it was certainly not the intent of the Congress that motor trucks engaged in interstate commerce should be without regulation of any kind in the respects provided by these rules until July 1, 1937. If on or after July 1, 1937, the state attempts to enforce laws which are inconsistent with and superseded by the federal statute and rules, it will then be early enough for the plaintiffs to apply for relief.

It results that plaintiffs' application for an injunction should be denied and their bill dismissed for want of equity.