STATE EX REL. RAILWAY EXPRESS AGENCY, INC. v.
MIKE HOLM.[1]

December 6, 1940.

No. 32,494.

*J. A. A. Burnquist,* Attorney General, *Chester S. Wilson,* Deputy
Attorney General, and *George B. Sjoselius,* Special Assistant At-
torney General, for appellant (respondent below).

*Kellogg, Morgan, Chase, Carter & Headley* and *H. S. Marx,* for
respondent (relator below).

HILTON, JUSTICE.

This is an appeal from an order overruling a demurrer to a peti-
tion for an alternative writ of *mandamus* wherein the court cer-
tified the question.

The facts are not disputed. Respondent, a Delaware corpora-
tion, is an express company within 1 Mason Minn. St. 1927, § 2261,
engaged in the business of a common carrier of goods by express
for hire in intrastate, interstate, and foreign commerce. In the

[1]Reported in 295 N. W. 297.

prosecution of its business, respondent owns and operates a number of motor vehicles upon the public highways and streets. On February 3, 1940, it filed with appellant, secretary of state, applications for the registration of these motor vehicles pursuant to §§ 2672 to 2704, inclusive, as amended. Contending that no tender of taxes imposed by the motor vehicle registration act had been made, appellant refused to register the vehicles or issue number plates therefor. Respondent brought *mandamus*.

Ever since the adoption in 1920 of art. 16, § 3, of our constitution, authorizing the taxation of motor vehicles upon a more onerous basis than other personal property, the legislature has attempted without success to impose this tax upon the motor vehicles of gross earnings taxpayers. Under that article motor vehicle taxes were "in lieu of all other taxes thereon, except wheelage taxes" imposed by municipalities. By express provision, the payment of the gross earnings tax was to be "in full and in lieu of all taxes and assessments upon its property." 1 Mason Minn. St. 1927, § 2268. Because of the conflict involved in the interaction of these two provisions together with the implications arising from the concept that the motor vehicle tax was a blended property and privilege tax, State v. Oligney, 162 Minn. 302, 202 N. W. 893; Raymond v. Holm, 165 Minn. 215, 206 N. W. 166; McReavy v. Holm, 166 Minn. 22, 206 N. W. 942, we sustained objections to the several legislative applications of art. 16, § 3, to respondent. American Ry. Exp. Co. v. Holm, 169 Minn. 323, 211 N. W. 467; American Ry. Exp. Co. v. Holm, 173 Minn. 72, 216 N. W. 542; Railway Exp. Agency, Inc. v. Holm, 180 Minn. 268, 230 N. W. 815.

In 1932, Minn. Const. art. 16, § 3, was amended to read as italicized below:

"The legislature is hereby authorized to provide, by law, for the taxation of motor vehicles, using the public streets and highways of this state, on a more onerous basis than other personal property; provided, however, that any such tax on motor vehicles shall be in lieu of all other taxes thereon, except wheelage taxes, so-

called, which may be imposed by any borough, city or village, *and except that the legislature may impose such tax upon motor vehicles of companies paying taxes under gross earnings system of taxation and upon the right to use such vehicles upon the public highways notwithstanding the fact that earnings from such vehicles may be included in the earnings of such companies upon which such gross earnings taxes are computed."*

In 1933 the legislature enacted L. 1933, c. 360, § 1 (3 Mason Minn. St. 1940 Supp. § 2674-4), pursuant to the constitutional amendment, which reads as follows:

"Motor vehicles using the public streets and highways of this state and owned by companies paying taxes under gross earnings system of taxation shall be registered and taxed as provided for the registration and taxation of motor vehicles by Mason's Minnesota Statutes of 1927, Sections 2672 to 2704, inclusive, as now or hereafter amended, notwithstanding the fact that earnings from such vehicles may be included in the earnings of such companies upon which such gross earnings taxes are computed and all provisions of said sections are hereby made applicable to the enforcement and collection of the tax herein provided for."

Basically the parties take opposite views as to the nature of the motor vehicle tax when applied to gross earnings companies since the 1932 constitutional amendment. Appellant contends that since 1932 the tax has become a privilege tax for the use of the highways which is valid against federal constitutional objections. Respondent asserts that its original character as a combined property and privilege tax is unchanged even when applied to gross earnings taxpayers; as such it falls within the ban of our prior cases. Further, as either a combined property and privilege tax, or as a privilege tax alone, it violates due process and equal protection contrary to U. S. Const. Amend. XIV.

While persuasive arguments can be advanced to establish the view that the motor vehicle tax when applied to gross earnings taxpayers is now a privilege tax, we decline to decide whether

the tax is a property tax or a privilege tax, or both. In any event, it is a problem of classification. Our law has created a class wherein the subjects are liable not only for the gross earnings tax, which is a property tax, but also for the tax common to others on their motor vehicles. Can this be sustained?

Concededly, no attack upon this statute can be made under our state constitution. Equal protection prohibits unreasonable tax classifications only. Rottschaefer, Constitutional Law, § 285, pp. 663-665. Although legislative enactments which impose road and highway use taxes often have been challenged, note, 75 A. L. R. 13, a broad power of classification in this field has been consistently upheld, Alward v. Johnson, 282 U. S. 509, 51 S. Ct. 273, 75 L. ed. 496, 75 A. L. R. 9; Carley & Hamilton, Inc. v. Snook, 281 U. S. 66, 50 S. Ct. 204, 74 L. ed. 704, 68 A. L. R. 194; Continental Baking Co. v. Woodring, 286 U. S. 352, 52 S. Ct. 595, 76 L. ed. 1155, 81 A. L. R. 1402; Sproles v. Binford, 286 U. S. 374, 52 S. Ct. 581, 76 L. ed. 1167, unless entirely arbitrary and having no relation to the purpose for which it is made, Smith v. Cahoon, 283 U. S. 553, 51 S. Ct. 582, 75 L. ed. 1264. The guiding principle for courts in their examination of motor vehicle tax legislation was restated recently in Clark v. Paul Gray, Inc. 306 U. S. 583, 594, 59 S. Ct. 744, 750, 83 L. ed. 1001, where it was said:

"The determination of the legislature is presumed to be supported by facts known to it, unless facts judicially known or proved preclude that possibility. [Cases.] Hence, in passing on the validity of the present classification, it is not the province of a court to hear and examine evidence for the purpose of deciding again a question which the legislature has already decided. Its function is only to determine whether it is possible to say that the legislative decision is without rational basis."

Adopting this test for the instant case, we cannot conclude that the legislature acted without rational basis in determining that respondent should pay a tax upon its motor vehicles as such in

addition to the gross earnings tax. There is no denial of equal protection or due process of law.

Order reversed.