BANK OF MOUNT HOPE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43439. Promulgated February 19, 1932.

*L. Harold Sothoron, Esq.,* for the petitioner.
*James K. Polk, Jr., Esq.,* and *Harold F. Noneman, Esq.,* for the respondent.

OPINION.

ARUNDELL: The sum of $8,329.21 paid to some of petitioner's stockholders is being claimed as a deduction, on the ground that it falls

within the same class as the item of $3,967.29 which was actually paid to the county as taxes. The respondent, following his ruling in I. T. 1300, I–1 C. B. 11, disallowed the amount, on the theory that it represented a payment of dividends.

Chapter 29 of section 79 of the West Virginia Code, pursuant to which the tax of $3,967.29 was paid, provides that shares in a bank shall be assessed to the several "holders" thereof in the county, district and town where the bank is located and that the shareholders "may have deducted from the value of such stock the amount due another as principal debtor as provided in section sixty-seven of this chapter, by filing with the bank a list of the indebtedness which he desires deducted  *  *  *  which list of indebtedness shall be filed by the bank with the assessor along with its return." The statute then goes on to provide that the taxes so assessed shall be paid by the cashier, secretary or proper accounting officer of the bank, and that any taxes so paid on the stock may be recovered from the owners thereof by the bank or deducted from the dividends accruing on such stock.

Section 234 (a) (3) of the Revenue Act of 1926 permits a corporate taxpayer to deduct taxes paid on its stock for the owners thereof without reimbursement. Thus if the amount disallowed represents a tax, it, like the $3,967.29 item, is deductible under this provision of the statute.

Taxes have been held to be "the enforced proportional contribution of persons and property, levied by the authority of the State for the support of the Government, and for all public needs." *Florida Central & Peninsular R. R. v. Reynolds*, 183 U. S. 471. See also *Amtorg Trading Corporation*, 25 B. T. A. 327. Measuring the facts by this definition of the term, clearly the payment to the stockholders is not a tax.

Had advantage not been taken of the indebtedness deduction allowed by the statute, the tax on all of petitioner's stock would have been $12,296.50. Some of the stockholders, however, filed affidavits of indebtedness with petitioner, and it claimed the deductions, thereby reducing the amount of the tax to $3,967.29. The legality of the deductions so taken is not being questioned.

We are not concerned with what the tax would have been had no deductions been claimed. The tax assessed and paid was $3,967.29. Petitioner's action, in disbursing to the stockholders whose indebtedness had been used to reduce the tax the amount by which their debts decreased the tax, was undoubtedly done to equalize matters between the stockholders. But such disbursement was not a tax paid to the State of West Virginia.

*Decision will be entered for the respondent.*