### ROGGE et al. v. UNITED STATES.
#### No. 10015.

Circuit Court of Appeals, Ninth Circuit.
June 8, 1942.

John L. McGinn, of Fairbanks, Alaska, for appellants.

Norman M. Littell, Asst. Atty. Gen., of Washington, D. C., Ralph J. Rivers, U. S. Atty., of Fairbanks, Alaska, and Vernon L. Wilkinson, Frank J. Dugan, and Norman MacDonald, Attys., Department of Justice, all of Washington, D. C., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

The United States brought suit in the district court to recover tolls sought to be collected from appellants pursuant to a regulation of the Secretary of the Interior imposing tolls on certain freight and merchandise transported over the Richardson Highway in Alaska. Judgment was rendered in favor of the United States and appellants appealed.

The Richardson Highway was established during the Gold Rush in 1902 over public lands. In 1906 the Board of Road Commissioners for Alaska, under the direction of the Secretary of War, assumed control of the highway pursuant to an Act of Congress, January 27, 1905, c. 277, 33 Stat. 616, 48 U.S.C.A. §§ 41, 47, 161 et seq., 321 et seq. Since then, the road has been maintained and improved by Federal funds, made up of Congressional appropriations and road toll receipts, the appropriations greatly exceeding the tolls. Cf. Binns v. United States, 194 U.S. 486, 494, 24 S.Ct. 816, 48 L.Ed. 1087.

The road is 371 miles in length, running from Valdez to Fairbanks, but is usable only four months out of the year. Because of this, Congress in 1914 authorized the construction of a railroad in Alaska which would operate during the entire year. This railroad is in direct competition with the Richardson Highway as a carrier of freight and merchandise.

In 1932 Congress passed an Act (Act of June 30, 1932, c. 320, 47 Stat. 446, 48 U.S.C.A. § 321b) providing that "with the approval of the President, the Secretary of the Interior shall have power, by order or regulation, to distribute the duties and authority transferred, and appropriations pertaining thereto, as he may deem proper to accomplish a more economical and effective organization thereof, *and to make rules and regulations governing the use of roads, trails, and other works, including the fixing and collection of tolls where deemed necessary and advisable in the public interest.*" (Emphasis supplied.)

Pursuant to this Act the Secretary, with the approval of the President, issued the following regulation: "Tolls: For transportation of merchandise or freight over the Richardson Highway; there shall be charged and collected at or adjacent to the McCarty Ferry on the Tanana River, tolls equal to two and one-half (2½) cents per ton of such merchandise or freight passing that point multiplied by the number of

miles such merchandise or freight has been or is being carried over the said highway; no vehicle hauling such merchandise or freight shall be allowed to pass the designated toll station except upon payment of the tolls as herein provided. * * * all moneys so collected shall be deposited in the Treasury of the United States in miscellaneous receipts." .

The toll was collected at the south side of the Tanana River, 91 miles from Fairbanks and 280 miles from Valdez. It is stipulated that the toll imposed by this regulation had the effect of eliminating the competition of truckers with the Alaska Railroad as to "freight and merchandise transported beyond the Tanana River and to the north." It is the imposition of this toll on appellants which is contested in this suit.

■ Neither party disputes the power of Congress to impose tolls for the use of highways in Alaska. The only question involved here is whether Congress did validly impose such a toll. Appellants contend that the Act giving the Secretary authority to fix and collect tolls does not give him authority to impose tolls. They assert that the Act contemplates that Congress impose the tolls and the Secretary fix and collect the tolls already imposed by Congress. The language of the Act shows that this construction is erroneous. The Act provides that the Secretary shall fix and collect tolls where deemed necessary and advisable. If the Act contemplated that Congress name the roads on which tolls were to be imposed, the phrase in the Act "where deemed necessary and advisable" would be meaningless.

The history of this Act shows that Congress intended the Secretary to have power under the Act to impose new tolls. In a report to Congress, a Special Select Committee on Investigation of the Alaska Railroad stated that the competition of the Richardson Highway with the Railroad was seriously affecting the Railroad and that this denotes an apparent lack of coordination in the practical promotion of governmental activities. As a result of this and other studies, the Senate Committee on Commerce recommended that authority over the highway and the railroad be centralized in one administrative head, with authority to fix and collect tolls where necessary or advisable in the public interest. The Act of 1932 was accordingly passed. The Senate Committee on Commerce in reporting the Act stated that the bill would very materially solve the serious problem of competition between the two roads.

From these statements it is apparent that the Act was designed to eliminate the highway competition so that the railroad would no longer be jeopardized, and to accomplish this purpose Congress authorized the Secretary to impose tolls upon the highway.

■ Appellants assert that this construction nullifies the provisions of the Act of May 14, 1898, 48 U.S.C.A. § 416, which authorizes the Secretary of War to issue permits to private persons for the construction of toll roads on public lands, the Secretary to approve the rates of any toll so imposed. It is clear that this Act deals only with roads built, maintained and managed by private persons and has no application to such roads as the Richardson Highway which is maintained by the Government, as described above.

The history of the Act summarized above refutes appellants' contention that the charge imposed by the regulation was not the toll authorized by the Act because the regulation had as its purpose not the benefit of the road, but the elimination of competition and the restraint of trade.

■ Nor do we agree that the regulation was a tax or penalty on haulers of freight and therefore not the toll authorized by the Act. The regulation provides that the toll shall be "equal to two and one-half (2½) cents per ton of such merchandise or freight * * * multiplied by the number of miles such merchandise or freight has been or is being carried over the said highway." Since the charge is based upon frequency of use, it is a toll and not a tax. Carley & Hamilton v. Snook, 281 U.S. 66, 73, 74, 50 S.Ct. 204, 74 L.Ed. 704, 68 A.L.R. 194.

■ A toll is defined as a proprietor's charge for passage over a highway. The purpose the proprietor might have for creating the toll does not make it any the less a toll. The fact that Congress had for one of its purposes the elimination of competition and not the promotion of the highway, is in no way material, for Congress has plenary power over territories. Binns v. United States, 194 U.S. 486, 24 S.Ct. 816, 48 L.Ed. 1087. This decision respecting the power to impose tolls in Alaska to be paid into the general Treasury is not af-

fected by the later creation of the Alaska legislature, since it specially excluded from the legislature the right to legislate with reference to this and similarly situated highways. 37 Stat. 512, sec. 3, 48 U.S.C. A. § 24; Sec. 464 C.L.A.1933.

Appellants contend that the Act is invalid because it delegates legislative power to an administrative official without prescribing a standard for fixing the amount of the toll. In United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563, and Light v. United States, 220 U.S. 523, 31 S.Ct. 485, 55 L.Ed. 570, the Supreme Court sustained the power of the Secretary of Agriculture to impose grazing fees for the use of National forests, despite the fact that the Forest Reserve Act of June 4, 1897, c. 2, 30 Stat. 35, 16 U.S.C. A. § 551, made no standard of the amount of the fees to be charged.

Appellants also urge that the road regulation is invalid because the Secretary made no finding of fact that the public interest necessitated the toll, citing Panama Refining Co. v. Ryan, 293 U.S. 388, 431–433, 55 S.Ct. 241, 79 L.Ed. 446. The situation is controlled by the later Supreme Court decisions holding that "It is settled that to all administrative regulations purporting to be made under authority legally delegated there attaches a presumption of the existence of facts justifying the specific exercise." Thompson v. Consolidated Gas Co., 300 U.S. 55, 69, 57 S.Ct. 364, 371, 81 L.Ed. 510; Pacific States B. & B. Co. v. White, 296 U.S. 176, 185, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853. Congress has expressed the specific need for the toll regulation in the Act and has merely left the details to the Secretary as in the Grimaud and Light cases, supra.

Nor is there any merit in appellant's contention that the regulation creates an unreasonable classification by imposing the toll only on haulers of freight and merchandise, and none on passenger carriage. The former obviously constitute a proper classification, as it is in all railway freight and passenger rate schedules. Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 200, 55 S.Ct. 187, 79 L.Ed. 281.

Appellants further contend that the toll is invalid because the Act makes no provision for its deposit in the United States Treasury. This is no concern of appellants. In the absence of such a provision, the Secretary in any event would hold the tolls as trustee for the appellee. As seen, the fact they would pass into the appellee's general funds by one process or another does not affect the right to collect them, in view of the much larger appropriations for the maintenance of the road whose services are paid for by the tolls.

Affirmed.