DONALD L. COX AND MOLLIE M. COX, PETITIONERS, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1913–62. Filed November 7, 1963.

Donald L. Cox, pro se.
*Merrill R. Talpers*, for the respondent.

OPINION

WITHEY, *Judge:* A deficiency in the income tax of petitioners for the taxable year 1960 has been determined by the respondent in the amount of $33.

The only issue to be decided is whether tolls paid by petitioner Donald L. Cox for the use of a turnpike are deductible as taxes under section 164(a) of the Internal Revenue Code of 1954.

The entire record is the stipulation of facts of the parties which we adopt as our findings of fact.

162

The petitioners, Donald L. Cox and Mollie M. Cox, filed their Federal income tax return for the calendar year 1960 with the district director of internal revenue, Denver, Colo.

During the entire year 1960 the petitioners resided in Boulder, Colo., and petitioner Donald L. Cox commuted from Boulder to his permanent place of employment with Peter Kiewit Sons Co. in Denver, Colo.

During the year 1960, Donald L. Cox, in connection with his commuting from his residence to his permanent place of employment, used the Boulder-Denver Turnpike and paid the sum of $150 in tolls charged by the turnpike for the privilege of traveling along and over it.

The Boulder-Denver Turnpike is a concrete four-lane road which is 16.8 miles in length from its place of commencement on Base Line Road, Boulder, to its point of termination on Federal Boulevard near Denver. This turnpike affords an access between Boulder and Denver which is 8.2 miles shorter than any other highway between these two cities. All highways between these two cities, with the exception of the turnpike, are two-lane roads.

The Boulder-Denver Turnpike was created pursuant to Colorado Revised Statutes Annotated (1953), chapter 120, article 8, as amended. The relevant sections of this article which were in existence during the year 1960 are as follows:

*120-8-2.* Powers granted to department.—In addition to the powers now possessed by it, the department of highways shall have power:

\* \* \* \* \* \* \*

(2) To construct, operate, maintain, improve and reconstruct turnpikes in the unincorporated territory in the state and to acquire, construct, operate, control and use said turnpikes and all works, facilities and means necessary or convenient to the full exercise of the powers herein granted. It is hereby declared and determined that such turnpikes will be public highways of the state.

\* \* \* \* \* \* \*

(4) To establish and collect fees, fares and tolls for the privilege of traveling along and over said turnpikes and for such other uses as may be made available by the establishment of such turnpikes, to adopt such rules and regulations governing the use of said turnpikes as the department of highways may determine to be advisable and to exercise such other powers and authority as may be necessary or convenient to the practical and full operation and use thereof.

(5) To set aside in a special sinking fund and to pledge any and all fees, fares and tolls and all income howsoever derived to the payment of the principal of and the interest on the bonds hereinafter authorized to be issued.

*120-8-3.* Bonds authorized.—(1) For the purpose of defraying the cost of construction, improving or reconstructing any such turnpike and all expenses incidental thereto, including, without limiting the generality of the foregoing, all engineering and legal fees and interest during construction and for one year thereafter, the department of highways may, upon the affirmative majority vote of the entire membership of the state highway commission and the affirmative vote of the governor, issue bonds of the state of Colorado, payable from a fund

consisting of the fees, fares and tolls derived from any designated turnpike project and, with the approval of the general assembly evidenced by joint resolution of the senate and house of representatives, additionally secured by a pledge of and payable from a special fund set aside from the state highway fund, provided, that the amount so set aside and pledged shall not exceed in any one year one hundred per cent of the total of the following:

(2) The amount of principal and interest falling due during such year, and

(3) The amount required to be paid into the special sinking fund as a reasonable reserve for the payment of the bonds hereinafter authorized in accordance with the resolution of the department of highways authorizing their issuance as approved by the joint resolution of the senate and house of representatives.

*120-8-4.* Bond details.—All bonds issued under the provisions of this article shall bear interest at a rate or rates not exceeding an effective rate of three per cent per annum on the face value thereof and shall be in such form and executed in such manner and shall be payable at such times extending not more than thirty years from the date thereof, shall contain such provisions for prior redemption and shall be payable at such places as the department of highways shall determine. * * * Such bonds shall contain on their face the designation of the project as determined upon by the department of highways and in anticipation of the revenues of which the same are issued. * * *

*120-8-6.* Payment of bonds.—(1) (a) At or before the issuance of any such bonds, the department of highways shall by resolution establish a schedule of fees, fares and tolls to be charged for the use of the project, and shall also by said resolution create a special sinking fund in the state treasury for the payment of the principal of and the interest on said bonds authorized to be issued, promptly as the same, respectively, become due. Into said fund there shall be set aside and pledged by the department of highways all said fees, fares and tolls and all other income howsoever derived resulting from the operation of the project, and all moneys authorized to be set aside and pledged from the state highway fund not exceeding in any one year one hundred per cent of the total of the following:

(b) The amount of principal and interest falling due during such year, and

(c) The amount required to be paid into the special sinking fund as a reasonable reserve for the payment of the bonds hereinafter authorized in accordance with the resolution of the department of highways authorizing their issuance as approved by the joint resolution of the senate and house of representatives.

* * * * * * *

(3) To the extent that the fund herein provided for is not required for the payment of bonds and the creation of a reserve fund and a sinking fund, the same may be used to pay the cost of maintaining, repairing and operating the turnpike project but nothing herein contained shall be construed as impairing the obligation of the state to maintain and operate any such turnpike project as a state highway. Said bonds shall constitute an irrevocable charge against said fund. Separate accounts shall be kept in the office of the state treasury of the funds derived from each project against the revenues of which bonds are issued under this article. Said resolutions may contain such other provisions or covenants not inconsistent herewith as the department of highways may consider advisable to insure the payment of said bonds.

*120-8-8.* Bond proceeds.—All moneys received from any bonds issued pursuant to this article shall be applied solely to the payment of the cost of the turnpike project or to the appurtenant fund, and there shall be, and there is hereby created and granted a lien upon such moneys until so applied in favor of holders of such bonds or the trustee provided for in respect of such bonds.

Pursuant to sections 120–8–3 and 120–8–6 of the Colorado Revised Statutes Annotated (1953) the department of highways has issued bonds for the purpose of defraying the cost of construction and all expenses incidental thereto of the Boulder-Denver Turnpike. These bonds are payable from the tolls derived from the Boulder-Denver Turnpike, all of which having been set aside in a special sinking fund in the State treasury and pledged by the department of highways for the payment of principal and interest on these bonds.

In arriving at his deficiency respondent has disallowed as a deduction of tax under section 164(a) of the 1954 Code [1] the tolls paid by petitioner for use of the Boulder-Denver Turnpike.

In order to resolve this issue it is necessary to decide whether or not the tolls paid by petitioner constitute a tax which is deductible under the 1954 Code. We think it is clear that such is not the fact.

The enabling statute of Colorado providing for the collection of a toll for use of the turnpike in question designates the charge as "fees, fares and tolls." Colo. Rev. Stat. Ann. sec. 120–8–2 (4) and (5) (1953). The statute delegates to the State department of highways the power "to establish and collect fees, fares and tolls" for use of the turnpike. The constitution of the State of Colorado, article V, section 35, prohibits the delegation by the State general assembly of its power to levy a tax. The cited statute clearly provides for payment of toll in return for the privilege of using the turnipke. It prevents use of the toll by the State (except in limited situations) for other than the servicing of the bonds issued for the purpose of constructing and maintaining the turnpike during the term of the bonds. See *Louis M. Roth*, 17 T.C. 1450.

A tax, within the meaning of section 164(a) of the Code, is a revenue-raising levy by a governmental unit. *Bank of Mount Hope*, 25 B.T.A. 542. Cf. *Holeproof Hosiery Co.*, 11 B.T.A. 547. It is a required contribution to the governmental revenue without option to pay or not to pay. *Sands* v. *Manistee River Imp. Co.*, 123 U.S. 288; *Day* v. *City of St. Augustine*, 139 So. 880 (Fla.); *Bloxton* v. *State Highway Commission*, 8 S.W. 2d 392 (Ky.); *People* v. *Schommer*, 63 N.E. 2d 744 (Ill.); *Ruler* v. *York County*, 139 Atl. 136 (Pa.). It is a levy and collection of revenue without relationship to a specific governmental privilege or service. *Rogge* v. *United States*, 128 F. 2d 800 (C.A. 9), certiorari denied 317 U.S. 656; *Bank of Mount Hope, supra; Holeproof Hosiery Co., supra.*

The toll here sought to be deducted as a tax has no relationship to the general fund of the State of Colorado. Its purpose is only the

---

[1] SEC. 164. TAXES.

(a) GENERAL RULE.—Except as otherwise provided in this section, there shall be allowed as a deduction taxes paid or accrued within the taxable year.

self-liquidation of the cost of construction, operation, and maintenance of the turnpike during the period of such liquidation. The toll is collectable or not at the option of those traveling the route between Boulder and Denver depending upon whether they wish to avail themselves of the convenience of using the turnpike. The toll is paid in return for the rendition by the State of a specific service resulting in a benefit to the payor of the toll. The benefit thus obtained is a shortened, more commodious route with an obviously greater convenience than the longer, narrower routes otherwise available.

The tolls paid by petitioner were clearly not deductible taxes within the meaning of section 164(a) of the Code.

*Decision will be entered for the respondent.*