Herman Cox and Mildred Cox v. Commissioner.
Cox v. Commissioner
Docket No. 5822-66.
United States Tax Court
T.C. Memo 1968-9; 1968 Tax Ct. Memo LEXIS 287; 27 T.C.M. (CCH) 40; T.C.M. (RIA) 68009; January 17, 1968. Filed Herman Cox, pro se, 280 Manhattan Ave., #2-S, New York, N. Y. Richard J. Mandell, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency in the income taxes of petitioners for the year 1962 in the amount of $1,276.97. Respondent concedes that the petitioners are entitled to three dependency exemptions for the year 1962 as well as certain itemized and Schedule "B" deductions which were disallowed in the notice of deficiency. The following specific itemized and Schedule "B" deductions remain in dispute: *14 Itemized Deductions
Amount inIssue
Contributions
$ 160.00
Interest - Associated Discount (Auto)
190.00
Taxes -
State income
41.88
State and local sales
75.00
Auto plates
20.50
N. Y. cigarette
44.85
Gasoline
12.00
Tolls
85.00
N. Y. C. admission
15.00
N. Y. C. restaurant and bar Medical (net deduction) 354.01
Total $1,046.24
*288 *14 Rental Income Deductions (Schedule "B")
Depreciation - storm windows
$ 100.00
Repairs
269.36
Interest
50.98
Fuel
169.59
Insurance
84.54
Legal fees
558.56
Telephone
60.90
Gas and electric 30.65
Total $1,324.68 41 Herman and Mildred Cox (herein called petitioners) were husband and wife who filed their joint Federal income tax return for the year 1962 with the district director of internal revenue at New York, New York. They are now separated, but both were residents of New York City at the time the petition in this proceeding was filed. As to the itemized deductions claimed by petitioners for the taxable year 1962, respondent has conceded $100 of the $260 deduction claimed for contributions. Petitioners have introduced no evidence pertaining to the remaining $160. Likewise, they have presented no evidence with respect to a $190 interest deduction related to an alleged loan from Associated Discount for the purchase of an automobile, a $20.50 deduction for "Auto Plates", a $41.88 deduction for State income taxes, or $75 of their claimed $140 deduction for State and local sales taxes which respondent has not conceded. Consequently, as to *289 these items, petitioners have failed to carry their burden of proof, and we must hold for the respondent. Respondent allowed $9.15 of the claimed deduction for New York cigarette taxes since Herman testified that Mildred smoked "about a pack every day." But Herman also testified that his son smoked over a pack a day, so that we find that petitioners are entitled to a total deduction of $20 for New York cigarette taxes paid. Based on Herman's testimony that he drove his automobile approximately 8,000 miles in 1962, respondent has allowed $48 of the $60 deduction claimed for gasoline taxes. We find this to be a reasonable allowance. With respect to the deduction of $85 claimed for tolls, Herman testified only that such expenditures were "connected with business * * * I had to go through the tunnel twice a day." Tolls are not deductible as taxes. Cf. Donald L. Cox, 41 T. C. 161 (1963). Nor have petitioners shown that these were not commuter expenses which are nondeductible personal expenses. Section 1.262-1(b)(5), Income Tax Regs.
Herman's testimony in connection with the $15 deduction claimed for N. Y. C. admission taxes and the $48 deduction *290 claimed for N. Y. C. restaurant and bar taxes was vague and inconclusive. Indeed, he did not know the relevance or meaning of the admission tax. Therefore, we find that petitioners have not met their burden of proof as to these items. On their 1962 Federal income tax return the petitioners claimed expenses for medicine and drugs in the amount of $160, other medical expenses in the amount of $492.50, and a net medical deduction of $354.01. Herman's testimony as to the claimed medical expenses was not convincing. He said that none of his children had serious illnesses in 1962 and that he did not know the extent of his wife's medical expenses. Respondent now concedes medical and dental expenses in the amount of $166. We think the petitioners have not proved expenses in excess of that amount. Since $166 does not exceed three percent of petitioners' adjusted gross income, as required by section 213(a), their burden of proof on this issue has not been carried. As to the Schedule "B" deductions, we find that the petitioners owned a three family dwelling located at 416 E. 173 Street in the Bronx during 1962. Petitioners resided there and rented the other two-thirds of the building. The *291 deductions in dispute relate to this rental property. Petitioners offered no documentary evidence or testimony with respect to the depreciation deduction of $100 claimed on the storm windows, interest in the amount of $50.98, or fuel in the amount of $169.59. We are therefore constrained to hold that they have not sustained their burden of proof in connection with any of these items. Herman testified that he thought the $84.54 claimed as an insurance deduction was related to insurance for the children. As such, it would be a nondeductible personal expense under section 262 of the Internal Revenue Code of 1954. Since the record contains insufficient information to classify the insurance expense in any other manner, the deduction must be disallowed. Petitioners claimed a deduction of $558.56 for legal fees paid during the year 1962. Herman testified that he did not know what this represented. There being no evidence as to the nature of this item or substantiation for the amount claimed, we must disallow it in its entirety. Herman testified that the $60.90 claimed for telephone expenses represented the cost of a personal phone. As such, it was a nondeductible *292 personal expense under section 262. Based on Herman's testimony that the $105.65 deduction for gas and electricity included both the cost of electricity which was paid for the tenants and gas which was not paid for them, respondent has conceded $75 for the electricity. We find that this is 42 a reasonable allowance for these expenses. Therefore, the additional amount of $30.65 is disallowed. Herman testified that he made most of the repairs on the dwelling. Respondent therefore disallowed $269.36 of the $369.36 claimed for repairs, arguing that $100 would be a reasonable expenditure for repairs performed by others. Petitioners have not shown that more than this amount was paid by them on repairs in 1962. We agree with respondent. Although the Court was impressed with Herman's sincerity and candor as a witness, there is simply not enough evidence contained in this record to enable us to conclude that petitioners have met their burden of proof with respect to the various items involved. For the most part, Herman's testimony was too vague and incomplete. To reflect the concessions made by respondent and the determinations made herein, Decision will be entered under Rule *293 50.