JAMES MICHAEL COLLINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket No. 10335-81.
United States Tax Court
T.C. Memo 1984-104; 1984 Tax Ct. Memo LEXIS 568; 47 T.C.M. (CCH) 1211; T.C.M. (RIA) 84104; March 5, 1984. James Michael Collins, pro se. Fera Wagner, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a $1,327.87 deficiency in petitioner's 1977 Federal income tax. After concessions, the part of this deficiency now in issue stems from the disallowance of certain deductions for expenses relating to the incarceration of petitioner's son. The questions remaining for decision are: (1) whether petitioner may deduct that portion of a $500 payment to the Orange County, California, Probation Department which is not attributable to medical expenses; and (2) whether petitioner may deduct certain attorney's fees and court appearance expenses. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference.
Petitioner in an unmarried head of household. At the date of the filing of the petition herein, his legal residence was 26481 Aracena Drive, Mission Viejo, California. During 1976 and 1977 petitioner's 16-year old son, Gary Dennis Collins (Gary), spent a total of 158 days incarcerated in various Orange County, California, *570 juvenile detention centers. On July 11, 1977, the Orange County Juvenile Court ordered petitioner to reimburse the county for the cost of maintaining Gary in these centers. Such expenses totaled $3,582.10, broken down as follows: 54 days in Juvenile Hall at $15.00
per day
$810.00
1 day in Youth Guidance Center at
$15.00 per day
15.00
103 days in Juvenile Hall at $20.00
per day
2,060.00
Public Defender Fees
35.80
Medical Services
661.30
Total
$3,582.10
Petitioner paid $500 of this amount during 1977, to the Orange County Probation Department, and included it as a part of a $540 deduction which he claimed for "personal property" taxes on his 1977 return. The Commissioner disallowed the entire $500 component of that deduction as "a nondeductible personal expense" under section 262, I.R.C. 1954, but he now concedes the deductibility of that portion of the $500 that is allocable to medical services. Petitioner also paid $1,088 in legal fees and claimed this amount as a miscellaneous deduction described as "Attorney fees" on his 1977 return. The record is vague as to exactly what services petitioner received from his attorney. However, it appears *571 that the attorney was acting on behalf of petitioner and Gary in connection with the foregoing proceedings and Gary's incarceration. Petitioner also claimed a miscellaneous deduction in the amount of $1,045.80, described as "Court Appearance Expenses". These court appearance expenses "were for * * * time lost from work and cost of going to court and cost of visiting Gary". The Commissioner disallowed the deductions for both the $1,088 and $1,045.80 items as "nondeductible personal expenses" under section 262, I.R.C. 1954. OPINION The first issue to be decided is whether petitioner may deduct the nonmedical portion of the $500 paid to the Orange County Probation Department. Deductions from income are a matter of "legislative grace; and only as there is clear provision therefor can any particular deducticn be allowed": New Colonial Ice Co., Inc. v. Helvering,292 U.S. 435, 440 (1934). See also Commissioner v. National Alfalfa Dehydrating and Milling Co.,417 U.S. 134. 148-149 (1974); Deputy v. DuPont,308 U.S. 488, 493 (1940). We are unable to find any statutory provision that would support petitioner's claim to a deduction for *572 the disputed portion of the $500 payment. We do not agree with his contention that the charges reflected in such payment may be classified as a personal property or a state or local tax and thus deductible under section 164, I.R.C. 1954. [1] These fees can in no way be characterized as "an ad valorem tax which is imposed on an annual basis in respect of personal property", section 164(b)(1), I.R.C. 1954, or as a "levy and collection of revenue without relationship to a specific governmental privilege or service". Cox v. Commissioner,41 T.C. 161, 164 (1963). Indeed, the amounts paid to the county were reimbursements for the cost to the county of Gary's "care, support and maintenance". See California Welfare and Institutions Code section 903, added by 1961 Calif. Stats., c. 1616 p. 3500, sec. 2. *573 Moreover, section 262, I.R.C. 1954, specifically states that "[e]xcept as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses". This provision is plainly applicable here. Petitioner was ordered to reimburse the county for the cost of his son's upkeep and maintenance expenses which are clearly "personal living or family expenses". Petitioner has offered no evidence establishing that the nonmedical portion of his payment of $500 was for anything other than for such costs. A like result is required in respect of the claimed deduction for legal expenses connected with Gary's incarceration. A taxpayer may deduct legal expenses only if such expenses relate to his business or income producing activities. Kornhauser v. United States,276 U.S. 145 (1928). See also United States v. Patrick,372 U.S. 53, 56 (1963); Trust of Bingham v. Commissioner,325 U.S. 365, 376 (1945). In determining whether a legal expense relates to a business or income producing activity, one looks to "the origin and character of the claim with respect to which an expense was incurred". United States v. Gilmore,372 U.S. 39, 49 (1963). *574 See also Commissioner v. Tellier,383 U.S. 687, 689 (1966). All of petitioner's legal expenses were purely personal expenses. They originated in the events involving Gary's incarceration and did not in any way arise out of any trade or business or income producing activity of petitioner. They are not deductible. [2]
Because of concessions, Decision will be entered under Rule 155.
Footnotes
1. SEC. 164. TAXES. (a) General Rule.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: (1) State and local, and foreign, real property taxes. (2) State and local personal property taxes. (3) State and local, and foreign, income, war profits, and excess profits taxes. (4) State and local general sales taxes. * * * In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income).
(b) Definitions and Special Rules.--For purposes of this section-- (1) Personal property taxes.--The term "personal property tax" means an ad valorem tax which is imposed on an annual basis in respect of personal property. * * * (3) State or local taxes.--A State or local tax includes only a tax imposed by a State, a possession of the United States, or a political subdivision of any of the foregoing, or by the District of Columbia.↩
2. We do not mean to suggest that all of such expenses would have been deductible even if they related to business or profit oriented activities. Thus, to the extent that the "court appearance expenses" included a component for "time lost from work" they would in any event be nondeductible.↩