## Franklin County v. State Highway Commission et al.

March 21, 1947.

W. B. Ardery, Judge.

Edward C. O'Rear, William A. Young and Allen Prewitt for appellant.

Eldon S. Dummit, Attorney General, and C. F. Kelly, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Franklin County instituted this action against the State Highway Commission wherein it asked the court to require the Commission to perform its contract with the County, and to require the Commission to expend $461,363.76 in the construction of roads in the County on the primary system, or else restore to the County the balance of $115,340.94 out of a total of $274,188.64 the County has paid to the Commission under a contract entered into between the parties in 1926. As a defense to the suit the Commission pleads; First, that it performed the contract and there is no road construction due the County under it. Second, that the contract is invalid and not enforcible.

After hearing proof, the trial judge decided in favor of the Commission on both grounds and the County appeals. As we are of the opinion that the trial judge was correct in holding that the contract was fully performed by the Commission, it will not be necessary for us to consider the second question of whether the contract was entered into by the Commission in violation of secs. 49 and 50 of our Constitution.

It is admitted for the sake of argument, but not decided, that the parties entered into a contract on Feb. 24, 1926, whereby the Commission agreed to expend for the construction of roads on the primary system in Franklin County (not then under maintenance or construction) three dollars for every one dollar donated by the County. There is no controversy as to the amount the County turned over to the Commission out of a $350,000 road bond issue voted by the County in May 1926, it was $274,188.64. But it is agreed that out of this sum $24,233.26 was used by the Commission for the benefit of the County on roads not involved in the contract, therefore the Commission received from the County only $249,955.38 for which it obligated itself to expend $999,821.52 on the primary roads in the County (as were not then under maintenance or construction) "within the next four or five years, or as soon as the funds are available," as provided in the contract.

The County admits the Commission expended $763,-

717.97 under the contract but it says that $225,260.21 of that sum represented donations by the Federal Government, therefore the Commission in reality only expended $538,457.76 and was due to put an additional $461,363.76 on the roads in the County which are on the primary system. We cannot agree with the County that the Commission improperly included funds it received through Federal aid in arriving at the amount it expended on the primary roads in the County. Under certain conditions and for use on certain character and types of highways, the Federal Government grants the various states financial aid in constructing roads. 5 Federal Code Annotated, Title 23 "Highways" secs. 6-14. 23 U. S. C. A. secs. 6-14. This Federal grant is to the states and not to the various counties in the several states through which the roads extend. This court wrote in Billeter & Wiley v. State Highway Commission, 203 Ky. 15, 261 S. W. 855, 861, that Federal aid may be properly considered in estimating the available revenue of the Commission. As we see it, the County is not concerned with the sources from which the Highway Commission receives its funds. Whether they are received from the gasoline tax or from the Federal Government, is immaterial to the County. All that concerns the County is whether under the contract with the Commission it received four dollars in road construction for each one dollar it paid the Commission.

By Chapter 159, p. 733 of the Acts of 1934, the General Assembly authorized the Commission to construct a bridge over the Kentucky River at Frankfort to "be paid out of the State Road fund in the same manner as the cost of construction of State primary roads is paid. The necessary rights of way for the construction, maintenance and operation of said bridge shall be furnished and paid for by Franklin County." Therefore, we are constrained to disagree with the position taken by the County in its reply brief that this bridge constitutes no part of the roads on the primary system in the County. This Act in effect put this bridge on the primary system of roads in Franklin County and expressly provided that the County should furnish and pay for the necessary rights of way for the bridge. This bridge was constructed at a cost of $342,539.38 which added to the $763,717.97 (the sum the County admits the Commission

expended when Federal aid is included) brings the total expenditures by the Commission since the purported contract was entered into by the parties in 1926 to something over a million dollars on the primary road system in Franklin County, when the Commission admits it is only entitled to have $999,821.52 so spent.

Other instances might be shown where the Commission expended additional sums to which it would be entitled to credit under the terms of the so-called contract of Feb. 24, 1926, but we deem it unnecessary to discuss them. The Commission pleads it has expended more than 3¼ million dollars on the roads in Franklin County since Feb. 24, 1926, as shown by the specific items set out in its amended answer filed April 24, 1945. But there is some doubt in our minds that the Commission is entitled to credit on this contract for all the items it has pleaded. However that may be, it was not inappropriate for the Commission to answer the County's argument, that this court should make the State "perform like a gentleman," by saying the County should be required to "behave like a lady."

The judgment is affirmed.