**JEFFERSON COUNTY, Kentucky, Through Its Fiscal Court, etc., et al., Appellants,**

**v.**

**B. E. KING, Commissioner of the Department of Highways, Commonwealth of Kentucky, et al., etc., Appellees.**

Court of Appeals of Kentucky.

April 28, 1972.

J. Bruce Miller, Louisville, for appellants.

Cyril E. Shadowen, Dept. of Highways, John Breckinridge, Atty. Gen., Frankfort, Jack Q. Heath, Louisville, for appellees.

CULLEN, Commissioner.

Jefferson County, Kentucky, and a citizen and gasoline-tax payer of the county brought suit against the Commissioner of Highways of Kentucky and the State Treasurer, seeking a declaration of the unconstitutionality of the statute, KRS 177.-360, which provides a formula for allocation of the Rural Secondary Road Fund among the counties of Kentucky, and the statute, KRS 179.410, which provides that the County Road Fund shall be allocated

among the counties according to the same formula. The Kentucky Farm Bureau Federation was permitted to intervene, opposing the claim of unconstitutionality. The circuit court entered judgment holding the statutes valid. The plaintiffs have appealed.

The appellants maintain that the statutes violate Section 2 (arbitrary power), Section 3 (special privileges) and Sections 59 and 60 (special or local legislation) of the Kentucky Constitution, and the Fourteenth Amendment (equal protection) of the United States Constitution.

The Rural Secondary Road Fund is derived from the proceeds of a tax on gasoline of two cents per gallon, imposed by KRS 138.220 for the express purpose of "construction, reconstruction and maintenance of rural and secondary roads and for no other purpose." The County Road Fund consists of such portion of the State Road Fund as is appropriated biennially for the construction, reconstruction, improvement and maintenance of county roads and bridges. See KRS 177.380, 179.410 to 179.-430. "Secondary and rural roads" within the meaning of KRS 177.360 are such as lie outside of cities, towns and urban areas having a population of 2,500 or more, and of course do not include state or federal highways. The selection of the roads to be improved in each county is made by agreement between the fiscal court and the Department of Highways, or if no agreement can be reached, then by the department alone. See KRS 177.330, 177.340. "County roads and bridges" for the purpose of distribution of the County Road Fund are all public roads and bridges outside of incorporated cities, except primary roads and federal parkways and bridges thereon, KRS 179.010. The selection of the roads to be improved in each county is to be made by agreement between the fiscal court and the Department of Highways, with provision for a division of authority as to the selection in case of inability to agree. See KRS 179.420.

The allocation formula as set forth in KRS 177.360 provides that the funds shall be apportioned among the 120 counties as follows:

(1) One-fifth on a simple per-county basis.

(2) One-fifth on the basis of the ratio which the rural population of the county bears to the total rural population of the state.

(3) One-fifth on the basis of the ratio which the rural public road mileage of the county bears to the total rural public road mileage of the state.

(4) Two-fifths on the basis of the ratio which the square-mile rural area of the county bears to the total square-mile rural area of the state.

"Rural," for the purpose of this statute, means outside of cities, towns or urban areas having a population of 2,500 or more.

■ The appellants' claims of unconstitutionality of the allocation statutes rest primarily on these facts: (1) The citizens of Jefferson County pay 20 percent of the total gasoline tax received by the state but Jefferson County receives only around one percent of the rural and county road fund distribution; (2) the great majority of the counties receive in distribution ten times as much *per capita* as Jefferson County receives, and one county receives 55 times as much *per capita* as does Jefferson County; (3) Jefferson County has by far the highest number of cars per mile of rural roads but receives by far the lowest distribution *per vehicle*. The argument is that these facts establish that the distribution formula is arbitrary, unreasonable, special and local, and denies equal protection of the law. We think there is no validity in the argument.

■■ The law is firmly settled that tax benefits are not required to be proportioned equally to the tax burden. Sims v. Board of Education, Ky., 290 S.W.2d 491; LaMar v. Board of Education, Ky., 467 S.W.2d 143; Carley & Hamilton v. Snook, 281 U.

S. 66, 50 S.Ct. 204, 74 L.Ed. 704; Jefferson County v. Hard, 227 Ala. 201, 149 So. 81; Lee v. State, 163 Ga. 239, 135 S.E. 912; Annotation, 72 A.L.R. 1103. In fact, the Supreme Court of the United States has said that the Equal Protection Clause of the Fourteenth Amendment *prohibits* a state from apportioning state services according to the past tax contributions of its citizens. See Shapiro v. Thompson, 394 U. S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600. It appears, therefore, that the *source* of the tax money is not controlling of its distribution, and, as said in Franklin County v. State Highways Commission, 304 Ky. 328, 200 S.W.2d 751, "the County is not concerned with the sources from which the Highway Commission receives its funds. Whether they are received from the gasoline tax or from the Federal Government, is immaterial to the County."

The appellants do not suggest that the improvement and maintenance of rural roads is not a valid *public purpose*. Their argument in effect is that the method fixed by the statutes for accomplishing that purpose is arbitrary, discriminatory and operates as special legislation, which argument we treat as meaning that the method is not a *reasonable* one for accomplishment of the purpose. This court said, in Miller v. Nunnelley, Ky., 468 S.W.2d 298, that where the provisions of a law making a classification are directly related to the accomplishment of a valid public purpose and have a reasonable basis, the court cannot say that the law is special or local legislation or that it denies equal protection. And of course it is obvious that if a law's provisions are reasonable they are not arbitrary. Our inquiry, then, is whether the provisions of the statutes here in question are reasonably designed for the accomplishment of the public purpose of improving and maintaining rural roads.

The principal factors in the statutory formula for allocation of the rural and county road funds are rural population, rural road mileage, and rural land area. It appears reasonable to us that predominance be given to rurality factors in carrying out a program for improvement and maintenance of rural roads. In effect, the formula calls for spending the rural road money where the rural roads are, which seems a perfectly reasonable approach. In view of the fact that the formula calls for allocating one-fifth of the funds on a straight per-county basis, we cannot say that the formula is overweighted to rural factors.

The appellants argue that the formula is arbitrary and discriminatory because it gives no weight to over-all population or to number of cars per mile of rural roads. We do not consider that the factor of over-all population is so directly related to the accomplishment of the public purpose of improving and maintaining rural roads as to require that it be included in the formula. The same is true with respect to the over-all number of cars per mile (as distinguished from the number of rural-oriented cars per mile, as to which no data is offered by the appellants).

Our holding is as expressed by the Alabama Supreme Court in Jefferson County v. Hard, 227 Ala. 201, 149 So. 81, in these words:

"What we have written is not to be taken as an expression of opinion that the present system of distribution of this fund * * * is the most equitable that could be devised; nor that the apportionment of road resources * * * is the best. What we do hold is that these are matters of legislative judgment and discretion; and the legislation before us is not so arbitrary, unjust, or capricious as to be violative of constitutional guaranties."

The rural road program is calculated to benefit the entire state, as do appropriations for agricultural purposes. See Carman v. Hickman County, 185 Ky. 630, 215 S.W. 408. These benefits were well described by the Georgia Supreme Court in Lee v. State, 163 Ga. 239, 135 S.E. 912, as follows:

"But, after careful consideration of the question thus made, we have reached the

conclusion that there is no inherent injustice to the residents of towns and cities in this provision. Good roads throughout the country are essential to the upbuilding of towns. They are the channels through which traffic flows, and that results in the upbuilding of the towns and cities. The upbuilding of factories, stores, and commercial interests are dependent to a large extent upon the maintenance of easy means of access to and from the country surrounding the towns and cities. Facility of access to the cities by those who live in the country beyond the incorporate limits means that those living upon farms will more frequently and regularly bring the products of the farm to the cities for sale and more frequently patronize the stores located in the cities), and thereby contribute to the prosperity of the mercantile class and others who have articles to sell. While the funds arising from the tax imposed by this act are for the improvement of roads outside the cities, it cannot be asserted and maintained that the mercantile class, the manufacturers, and others living in the cities are not as much benefited by the improvements of the roads in the country as those who live out in the country along those roads. Besides, the residents of the city, either for pleasure or business, will constantly traverse the roads beyond the limits of the city. There are many other considerations that might be adduced to sustain the act in question as against the attacks made upon the ground that it is in violation of the sections of the Constitution last referred to above."

Our conclusion is, then, that the lower court correctly upheld the statutes in question.

The appellants have made a contention that the statutes make an unconstitutional delegation of authority to the Commissioner of Highways to determine what constitute rural roads and as to which of those roads will be improved. As we read the statutes, KRS 177.330 and 177.340, and KRS 179.420, the power of the Commissioner of Highways (which is exclusive only when an agreement cannot be reached with the fiscal court) is only to determine *priority schedules within each county*. The statutes themselves define what roads are to be classed as rural or county roads. The appellants here are not asserting any dissatisfaction with the priority schedule for improvement of rural or county roads *within* Jefferson County, so their complaint of improper delegation of authority is groundless.

The judgment is affirmed.

All concur.