23295

Hansel F. CARTER, d/b/a Mr. Bunky's; D.D. Sims Barber Shop; Nunn's Grocery; Harris Barbeque Pit; Community Grocery and Community Used Cars; E & N Equipment Company; and O'Kelly's, Appellants v. William H. LINDER, as Treasurer of Richland County and T. Travis Medlock, South Carolina Attorney General, Respondents.

(399 S.E. (2d) 423)

Supreme Court

*Thomas E. Elliott,* Columbia, *for appellants.*

*Richland County Atty. C. Dennis Aughtry,* and *Chief Deputy Atty. Gen. Joe L. Allen, Jr.,* Columbia, *for respondents.*

Heard Sept. 25, 1990.

Decided Nov. 26, 1990.

*Per Curiam:*

This is an appeal from a circuit court decision upholding the constitutionality of Richland County Ordinance No. 1626-87 HR. We affirm.

On June 16, 1987, Richland County Council enacted Ordinance No. 1626-87 HR, a business license tax ordinance (the Ordinance), which requires businesses within the unincorporated areas of Richland County (the County) to pay annual license fees based upon classification and gross income.

The appellants, businesses or individuals operating in unincorporated areas of the County, paid the tax under protest and instituted an action in circuit court seeking to have the Ordinance declared unconstitutional on the following grounds:

1.  That the enabling legislation under which the Ordinance was enacted, Section 4-9-30(12) of the South Carolina Code of Laws (1976), is unconstitutional in that it contravenes South Carolina Constitution Article VIII, Section 7.
2.  That fees collected under the Ordinance from businesses in portions of the County are used to afford county-wide benefits.
3.  That the tax is not levied equally within the affected areas in that the Ordinance exempts certain businesses and occupations while others are taxed at a lower rate, thereby denying appellants equal protection of the law and depriving them of their property without due process, in contravention of S.C. Const. art. I, § 3, and the United States Constitution Amendment XIV, Section 1.

Respondents contend that the provisions of S.C. Const. art. VIII, § 7, do not relate to the business license tax authorized by section 4-9-30(12). Next, respondents argue that the Ordinance was constitutionally enacted as it does not violate S.C. Const. art. VIII, § 7, the equal protection and due process provisions of S.C. Const. art. I, § 3, or U.S. Const. amend. XIV, § 1.

After hearing arguments of counsel and fully considering the record and applicable law, we conclude that the order of C. Bruce Littlejohn, Special Circuit Judge, dated December

18, 1989, correctly treats and disposes of the issues involved. Therefore, this court adopts and incorporates the pertinent law, findings and conclusions of the circuit court order with modifications as follows.

## I. CONSTITUTIONALITY REGARDING S.C. CONST. ART. VIII, § 7

The Ordinance was passed June 16, 1987, pursuant to S.C. Code Ann. § 4-9-30(12) (1986), which vests counties with specific authority:

> [T]o levy uniform license taxes upon persons and businesses engaged in or intending to engage in any business, occupation or profession, in whole or in part, *within the county but outside the corporate limits of any municipality* except those persons who are engaged in the profession of teaching or who are ministers of the gospel and rabbis, and except persons and businesses acting in the capacity of telephone, telegraph, gas and electric utilities, suppliers, or any other utility regulated by the Public Service Commission. *Any such license tax shall be graduated according to the gross income of the person or business taxed;* provided, however if the person or business taxed pays a license tax to another county or to a municipality, the gross income for the purpose of computing the tax shall be reduced by the amount of gross income taxed in the other county or municipality. (Emphasis added.)

A license tax upon persons and businesses is an excise tax on the privilege of doing business, and no prohibition against the utilization of excise taxes exists. *Hay v. Leonard,* 212 S.C. 81, 46 S.E. (2d) 653 (1948). In *Hay,* the Court held:

> [T]he tax is not on the property itself, it is on the privilege of dealing with it. The value of such privilege is measured by the gross receipts therefrom and this is a familiar and valid method of ascertaining such value.

*Id.* 46 S.E. (2d) at 660.

> The tax imposed by the Act is an excise tax, and not a property tax, and article I, section 6, relating to taxation of property in proportion to its value as well as article X,

section 1, relating to uniform and equal rate of assessment and taxation, are inapplicable to it.

*Id.* 46 S.E. (2d) at 661.

Next, we find that county-wide[1] distribution of revenue from an excise tax collected in only portions of the County is not prohibited by S.C. Const. art. VIII, § 7, which applies to *ad valorem* taxes in different areas.

> The General Assembly shall provide by general law for the structure, organization, powers, duties, functions, and the responsibilities of counties, including the power to tax *different areas at different rates* of taxation related to the nature and level of governmental services provided. (Emphasis added.)

S.C. Const. art. VIII, § 7.

A business license fee is an excise tax on the owner for the privilege of doing business and is not levied on an "area." Such a tax is based upon classification and gross income, not upon the level of governmental services provided.

In *Crawford v. Johnston,* 177 S.C. 399, 181 S.E. 476 (1935) [citing *Carley & Hamilton v. Snook,* 281 U.S. 66, 50 S. Ct. 204, 74 L. Ed. 704 (1930)],[2] the South Carolina and United States Supreme Courts addressed the issue of the application of revenues generated by such taxes and held that there is nothing in the state or federal constitution which requires a state to apply such fees for the benefit of only those who pay them.

Six years later this Court restated the thrust of *Crawford,* holding that it is an ". . . elementary proposition that ordinarily the proceeds of tax levies (including license fees) may be appropriated to any public purpose, and that by successive legislative acts *the appropriation of any particular tax levy*

---

[1] The County was mandated by section 4-9-30(12) to exclude municipalities. That section provides that counties may "levy uniform license taxes upon persons and businesses engaged in or intending to engage in any business, occupation or profession, in whole or in part, *within the county but outisde the corporate limits of any municipality . . .*" (Emphasis added.)

[2] Counties and cities occupy unique positions in local government and their taxation schemes often involve an informal reciprocity. For instance, City of Columbia taxpayers pay taxes to the general fund of the County which funds the Richland County Sheriff's Department, but city taxpayers also pay city taxes for city police protection. The city taxpayer, of course, enjoys county law enforcement protection when he travels in Richland County.

*may be changed from one public purpose to another in the uncontrolled discretion of the legislature." State ex rel. Brown, et al. v. Bates,* 198 S.C. 430, 437, 18 S.E. (2d) 346, 349 (1941) [citing *Crawford, supra].* (Emphasis added.)

We conclude that the application of proceeds collected pursuant to the Ordinance is constitutional under *Crawford* and its progeny. Moreover, the "levying of a tax and the proper use thereof are two distinct transactions insofar as their legality is concerned." 85 C.J.S. *Taxation* § 1057. Since section 4-9-30(12) does not specify to what end excise taxes must be used, such taxes may be utilized for any lawful public purpose.

> State legislatures are presumed to have acted within their constitutional power despite the fact that in practice their laws result in some inequity. *A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.*

*State v. Smith,* 271 S.C. 317, 320, 247 S.E. (2d) 331, 332 (1978) [citing *McGowan v. State of Maryland,* 366 U.S. 420, 81 S. Ct. 1101, 6 L. Ed. (2d) 393 (1961)]. In summary, ". . . imprecision is not fatal and celestial precision is not necessary" in the application of provisions of the Ordinance nor in distribution of the proceeds collected thereunder. *Hart Book Store, Inc., v. Edmisten,* 612 F. (2d) 821, 833 (4th Cir. 1979). (Emphasis added.)

## II. CONSTITUTIONALITY REGARDING EQUAL PROTECTION AND DUE PROCESS

Section 4-9-30 provides that ". . . any such license tax shall be graduated according to the gross income of the person or business taxed . . ." Furthermore, in *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 93 S. Ct. 1001, 35 L. Ed. (2d) 351 (1973), the United States Supreme Court determined that a state "may impose different specific taxes on different trades and professions and may vary the rate of excise." Similarly, this Court concluded:

> While there may be apparent discrimination, if, however, a statute treats all persons alike under like circumstances and conditions, it cannot be said to deprive any-

one of equal protection of the laws.

*Crosswell & Co. v. Town of Bishopville,* 172 S.C. 26, 30, 172 S.E. 698, 700 (1934). More recently, the Court opined in *City of Columbia v. Putnam,* 241 S.C. 195, 199, 127 S.E. (2d) 631, 633 (1962) [citing *Great Atlantic & Pacific Tea Co. v. City of Spartanburg,* 170 S.C. 262, 170 S.E. 273 (1933)]:

> We are of the opinion that an ordinance setting the amount of license fees on a percentage of gross premiums as provided for in the present ordinance in respect to casualty companies is not invalid in that Southern Farm Bureau Casualty Insurance Company is treated equally with other casualty companies in the same class. The fact that one class may pay more proportionately than other classes does not of itself make the license fee unreasonable or arbitrary since this is largely within the discretion of City Council.

In accord, in *Southern Bell Telephone and Telegraph Company v. City of Aiken,* 279 S.C. 269, 272, 306 S.E. (2d) 220, 222 (1983), we said, ". . . the power to impose a license tax implies a power to classify business and differentiate as to rates of taxation." Quoting the California Superior Court in *Great Atlantic & Pacific Tea Co. v. City of Spartanburg,* 170 S.E. at 275, we held:

> The court, in upholding the validity of the ordinance, said in part "[a]s all callings, occupations, and kinds of business differ, more or less, the one from the other, the very power to impose a tax that will be just on each class involves the right to make distinctions between trades and between essentially different methods of conducting the same general character of business or trade, and what is a reasonable license fee must depend largely upon the sound discretion of the city council . . ." *In re Haskell,* 112 Cal. 412, 44 P. 725 (1896).

In *United States Fidelity and Guaranty Company v. City of Newberry (Newberry I),* 253 S.C. 197, 169 S.E. (2d) 599 (1969), the South Carolina Supreme Court set forth the following standard of reasonableness with regard to licensing or taxing ordinances.

> In the absence of positive evidence to the contrary, acts or ordinances licensing or taxing an occupation or privilege are presumed to be reasonable, and the courts will not interfere unless their unreasonableness and oppressiveness is clearly apparent, the burden of proving their unreasonableness or invalidity being on the one who asserts it, usually the licensee.

53 C.J.S. *Licensees*, § 16, p. 511 (1949).[3]

We uphold the constitutionality of the Ordinance with regard to the due process clauses of the state and federal constitutions. The Ordinance provides a remedy by permitting the fee to be paid under protest and a suit to be instituted seeking recovery of payment. *See* S.C. Code Ann. §§ 12-47-210 and 220 (1976), as amended. The due process protection of property is fully protected in that there is no deprivation of property contemplated within the taxing scheme without an opportunity to be heard.

We find no violation of S.C. Const. art. VIII, § 7, the equal protection and due process provisions of S.C. Const. art. I, § 3, or U.S. Const. amend. XIV, § 1. Therefore we hold, as to each, that S.C. Code Ann. § 4-9-30(12) (1986) and Richland County Ordinance No. 1626-87 HR are constitutional.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

---

[3] Indeed, one attacking a legislative act must carry a very heavy burden. The taxpayer must prove "unconstitutionality beyond a reasonable doubt." *North Charleston Land Corporation v. City of North Charleston*, 281 S.C. 470, 474, 316 S.E. (2d) 137, 139 (1983).