## THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Town of Hilton Head Island, Respondent,

v.

Kigre, Inc., Appellant.

Appellate Case No. 2012-213239

———————

Appeal from Beaufort County
The Honorable Marvin H. Dukes, III, Special Circuit
Court Judge

———————

Opinion No. 27396
Heard April 15, 2014 – Filed June 4, 2014

———————

**AFFIRMED**

———————

Thomas C. Taylor, of Hilton Head Island, for Appellant.

Gregory M. Alford, of Hilton Head Island, for
Respondent.

———————

**PER CURIAM:**   This direct appeal involves a constitutional challenge to the
Town of Hilton Head Island's ("Town") business license tax ordinance
("Ordinance"), which requires businesses within the Town to pay an annual license
fee based upon a business's classification and gross income.  We affirm the trial
court's finding that the Ordinance is valid.

The legislature has specifically granted municipalities the authority to enact
ordinances and "levy a business license tax on *gross income*."  S.C. Code Ann. § 5-
7-30 (Supp. 2013) (emphasis added).  We emphasize that the business license fee

is an excise tax—not an income or a sales tax.  A business license fee is a tax on the privilege of doing business within the Town, and therefore, it is the manufacturing activity of Appellant Kigre, Inc. ("Kigre"), which occurs wholly within the Town limits, and not Kigre's receipt of income or sales of its products in interstate commerce that is the business activity being taxed.  Kigre has no other manufacturing facility and pays no license fee to any other taxing jurisdiction.  *See Carter v. Linder*, 303 S.C. 119, 123, 399 S.E.2d 423, 425 (1990) (finding "[a] business license fee is an excise tax on the owner for the privilege of doing business").

The Ordinance requires "[e]very person engaged or intending to engage in any calling, business, occupation or profession . . . in whole or in part, within the limits of the town" to obtain a business license and pay a license fee, the amount of which is determined by the classification of the business and its gross income.  *See* Hilton Head Island, S.C., Code of Ordinances § 10-1-10 (Sept. 26, 1983).  The Ordinance defines gross income as:

> The total revenue of a business, received or accrued, for one fiscal year collected or to be collected by reason of the conduct of business within the town, excepting therefrom income from business done wholly outside of the town on which a license tax is paid to some other municipality or a county and fully reported to the town.  Gross income from interstate commerce shall be included in the gross income for every business subject to a business license fee.

*Id*. § 10-1-20(3) (Aug. 1, 2006).  Further, section 10-1-60 provides a deduction from gross income for "business done wholly outside of the town on which a license tax is paid to some other municipality or a county."  As previously noted, Kigre does not pay any license tax to any other municipality or county, either in South Carolina or anywhere in the world.

Kigre has clothed its many arguments in the premise that the Ordinance is not sound policy, for it is anti-business.  However, it is not within our province to weigh-in on the wisdom of legislative policy determinations.  Our judicial role is limited to determining whether the Ordinance withstands Kigre's constitutional challenges.  *See Dunes West Golf Club, LLC v. Town of Mount Pleasant*, 401 S.C. 280, 300, 737 S.E.2d 601, 611 (2013) ("It is not the function of the courts to pass upon the wisdom or folly of municipal ordinances or regulations." (citation omitted)).

We have carefully reviewed the record on appeal and find Kigre's numerous challenges to be without merit. We affirm pursuant to the following authorities: *Okla. Tax Comm'n v. Jefferson Lines, Inc.*, 514 U.S. 175, 199 (1995) ("The fair relation prong of *Complete Auto* requires no detailed accounting of the services provided to the taxpayer on account of the activity being taxed, nor, indeed, is a State limited to offsetting the public costs created by the taxed activity."); *Commonwealth Edison Co. v. Montana*, 453 U.S. 609, 623–24 (1981) ("[I]t was not the purpose of the commerce clause to relieve those engaged in interstate commerce from their just share of state tax burden even though it increases the cost of doing business." (quotations and citation omitted)); *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279–87 (1977) (overruling prior cases finding interstate commerce cannot be taxed by states and finding state taxes do not violate the Commerce Clause where the activity being taxed has a substantial nexus with the taxing jurisdiction, and the tax is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to benefits provided by the state); *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 425, 593 S.E.2d 462, 467 (2004) ("'A municipal ordinance is a legislative enactment and is presumed to be constitutional. The burden of proving the invalidity of an ordinance is on the party attacking it.'" (quoting *Whaley v. Dorchester Cnty. Zoning Bd. of Appeals,* 337 S.C. 568, 575, 524 S.E.2d 404, 408 (1999))); *Eli Witt Co. v. City of W. Columbia*, 309 S.C. 555, 559, 425 S.E.2d 16, 18 (1992) ("It was not contemplated that the various phases of a business should be segregated and only that part taxed which was actually carried on within the corporate limits. The [business license] tax was imposed for the privilege of maintaining or conducting a place of business within that municipality and it was intended that the business should be considered as a whole. The gross income or volume of such business is merely made the basis on which the tax is graduated." (citation omitted)); *Carter*, 303 S.C. at 124–25, 399 S.E.2d at 426 (finding a business license tax which classifies businesses and assesses taxes at a graduated rate according to the gross income of the business does not constitute an equal protection violation); *S. Bell Tel. & Tel. Co. v. City of Spartanburg*, 285 S.C. 495, 497, 331 S.E.2d 333, 334 (1985) ("The burden is on the taxpayer to prove unconstitutionality beyond a reasonable doubt."); *N. Charleston Land Corp. v. City of N. Charleston*, 281 S.C. 470, 474, 316 S.E.2d 137, 139 (1984) (finding a different municipality's similar business license fee ordinance employing the Standard Industrial Classification (SIC) system to be constitutionally permissible).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**