*7 JUSTICE JAMES :
**242 The City of Goose Creek (the City) collects a business license fee[1] on persons doing business within the city limits. The amount of the fee is based upon a business's gross income from the preceding year. This matter stems from Todd Olds' dispute with the City as to the meaning of "gross income" under the City's business license fee ordinance. Since Olds and the City differ on the definition of gross income, their calculations of the amount of the fee owed differ as well. The circuit court ruled the City's definition of gross income was correct, and the court of appeals affirmed. Olds v. City of Goose Creek , 418 S.C. 573, 795 S.E.2d 163 (Ct. App. 2016). We granted Olds a writ of certiorari to address whether the court of appeals erred in its interpretation of the term "gross income" as defined and used in the City's business license ordinance, §§ 110.001-.022. Under the very narrow facts of this case, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
Todd Olds is a licensed realtor. He is also in the business of flipping houses; he purchases residential real estate, improves it, and sells the properties-either in his name or that of his company, Prime Properties of Charleston, LLC. Over the years, Olds has purchased and sold several parcels of real property in the City. A duly enacted ordinance requires every person engaged in business within the City's limits to pay an annual license fee for the privilege of doing business within the City. The City's Business License Inspector audits sales **243 records to determine whether the fee is being properly computed and paid.
In January 2011, Olds filed an application to renew his business license and reported his actual gross receipts (total receipts generated by the business regardless of source, without deduction) from January 2010 to December 2010 to be $58,432.46.[2] Based on this reported figure, Olds paid the City a business license fee of $460.40. In May 2011, the City discovered what it considered to be a discrepancy in the amount Olds paid to the City. The City sent Olds a letter stating: "It has come to our attention that you sold 123 Evergreen Magnolia Avenue, Goose Creek, South Carolina. The sale price of 123 Evergreen Magnolia Avenue must be claimed as revenue on your 2011 City of Goose Creek Business License." The City informed Olds that he owed an additional $468.00 in business license fees to the City. Olds paid the excess amount under protest and appealed the City's calculation.
Under the ordinance, a business's business license fee is computed based upon that business's gross income from the preceding calendar or fiscal year. The dispute in this appeal centers upon the following provisions in the ordinance. The provisions relevant to the instant dispute are underlined for emphasis:
GROSS INCOME. The total revenue of a business, received or accrued, for one calendar year, collected or to be collected by a business within the city, excepting, therefrom, business done wholly outside of the city on which a license tax is paid to some other municipality or county and fully reported to the city or county. The term GROSS RECEIPTS means the value proceeding or accruing from the sale of tangible personal property, including merchandise and commodities of any kind and character and all receipts, by the reason of any business engaged in, including interest, dividends, discounts, rentals of real estate or royalties, without any deduction on account for the cost of the property sold, the cost of the materials used, labor or service cost, **244 interest paid or any other expenses whatsoever and without any deductions on account of losses. The GROSS INCOME for business license purposes shall conform to the gross income reported *8 to the State Tax Commission or the State Insurance Commission. In the case of brokers or agents, GROSS INCOME shall mean gross commissions received or retained, unless otherwise specified. GROSS INCOME for insurance companies means gross premiums collected. GROSS INCOME for business license tax purposes shall not include taxes collected for a governmental entity, escrow funds or funds, which are the property of a third party. The value of bartered goods or trade-in merchandise shall be included in GROSS INCOME . The GROSS INCOME for business license purposes may be verified by inspection of returns and reports filed with the Internal Revenue Service, the South Carolina Department of Revenue, the South Carolina Insurance Commission or other government agency.
Goose Creek City Code § 110.001.
Olds argued the City was not applying the "plain and ordinary meaning" of the term "gross income," which he contended was the gain he realizes from the properties he flips. He further argued the City was improperly attempting to levy a business license fee upon his "gross receipts," rather than his "gross income." The City disagreed and argued that the language of the ordinance mandates that fee be calculated based on the total sales price of real estate. Olds pursued the appeals process delineated in the City's ordinance, and the City Administrator and City Council both found the City's calculation to be correct.
Olds appealed to the circuit court. The circuit court affirmed the City Council's definition of the term "gross income" under the ordinance and granted the City summary judgment as to Olds' additional claims.[3] The court of appeals affirmed the **245 circuit court. Olds v. City of Goose Creek , 418 S.C. 573, 795 S.E.2d 163 (Ct. App. 2016). Olds contends the City misapplied its ordinance by levying the fee on the sales price of real property as opposed to the gain realized from the sale. He argues that pertinent provisions of the Internal Revenue Code (I.R.C.) allow his tax to be computed according to the gain realized from the sale.
The court of appeals disagreed with Olds. The court of appeals noted the ordinance provides gross income is "[t]he total revenue of a business, received or accrued, for one calendar year ...." Olds , 418 S.C. at 584, 795 S.E.2d at 169 (quoting Goose Creek City Code § 110.001). The court of appeals looked to Black's Law Dictionary, which defines "revenue" as "[i]ncome from any and all sources; gross income or gross receipts." Id. (quoting Revenue , Black's Law Dictionary (10th ed. 2014) ). The court of appeals reasoned:
Notwithstanding the ordinance's later explanation that gross income for business license purposes shall conform to the gross income reported to the State Tax Commission and that gross income may be verified by the inspection of state and federal tax returns, we find the City intended to define gross income for business license tax purposes as the total revenue of the business. This is consistent with how our supreme court has historically defined gross income in the context of business license taxes. See Columbia Ry., Gas & Elec. Co. v. Jones , 119 S.C. 480, 494, 112 S.E. 267, 272 (1922) ("Gross income means the total receipts from a business before deducting expenditures for any purpose.").
Id. (footnote omitted). Thus, the court of appeals found the City intended the business license fee to apply to the total sales price of real property rather than merely the business's gain from the sale of real property. Id. We granted Olds a writ of certiorari to review the following question.
II. ISSUE
Did the court of appeals err in its interpretation of the term "gross income" as defined *9 and used in the City's business license ordinance, §§ 110.001-.022? **246 III. STANDARD OF REVIEW
The issue before this Court is limited to the interpretation of the City's business license ordinance; therefore, we are free to decide this issue without any deference to the lower courts. See CFRE, LLC v. Greenville Cty. Assessor , 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) ("Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below.").
IV. DISCUSSION
A business license fee is an excise tax-not an income or sales tax. Town of Hilton Head Island v. Kigre, Inc. , 408 S.C. 647, 649, 760 S.E.2d 103, 103 (2014). Specifically, a business license fee is a tax on the privilege of doing business within a county or municipality. Id. There is no prohibition against the utilization of excise taxes, Carter v. Linder , 303 S.C. 119, 122, 399 S.E.2d 423, 424 (1990), and this Court has upheld the constitutionality of business license fees. See Kigre , 408 S.C. at 648, 760 S.E.2d at 103 ; Carter , 303 S.C. at 126, 399 S.E.2d at 427.
The General Assembly has specifically granted municipalities the authority to enact ordinances so long as the ordinances are not "inconsistent with the Constitution and general law of this State." S.C. Code Ann. § 5-7-30 (Supp. 2017). One such power possessed by a municipality is the power to "levy a business license tax on gross income." Id. "Gross income" is not defined within Title 5 of the South Carolina Code, which sets forth the laws governing municipal corporations.
The City enacted its ordinance pursuant to section 5-7-30, which allows a municipality to levy a business license fee on gross income; again, that term is not defined. Section 110.006 of the City's ordinance mandates that every person engaged in business within the City's limits pay an annual license fee for the privilege of conducting business within the City. Section 110.009(C) provides the license fee shall be computed based upon the gross income for the preceding calendar or fiscal year. The definitions section of the ordinance bears repeating:
GROSS INCOME. The total revenue of a business, received or accrued, for one calendar year, collected or to be collected by a business within the city, excepting, therefrom, **247 business done wholly outside of the city on which a license tax is paid to some other municipality or county and fully reported to the city or county. The term GROSS RECEIPTS[4 ] means the value proceeding or accruing from the sale of tangible personal property, including merchandise and commodities of any kind and character and all receipts, by the reason of any business engaged in, including interest, dividends, discounts, rentals of real estate or royalties, without any deduction on account for the cost of the property sold, the cost of the materials used, labor or service cost, interest paid or any other expenses whatsoever and without any deductions on account of losses. The GROSS INCOME for business license purposes shall conform to the gross income reported to the State Tax Commission or the State Insurance Commission. In the case of brokers or agents, GROSS INCOME shall mean gross commissions received or retained, unless otherwise specified. GROSS INCOME for insurance companies means gross premiums collected. GROSS INCOME for business license tax purposes shall not include taxes collected for a governmental entity, escrow funds or funds, which are the property of a third party. The value of bartered goods or trade-in merchandise shall be included in GROSS INCOME . The GROSS INCOME for business license purposes may be verified by inspection of returns and reports filed with the Internal Revenue Service [ (IRS) ], the South Carolina Department of Revenue [ (SCDOR) ], the South Carolina Insurance Commission or other government agency.
Goose Creek City Code § 110.001 (emphasis added by underlining).
*10 Section 110.003(C) of the ordinance provides, "The Business License Inspector, upon approval of the Finance Director, may disclose gross income of licenses to the [IRS], [SCDOR] and other municipal or county offices for the purpose of assisting tax assessments, tax collections and enforcement." Further, section 110.008(B) states the applicant must certify he has accurately reported gross income without any unauthorized deductions, and that he "may be required to submit **248 copies of portions of state and federal income tax returns reflecting gross income figures."
The following definition of "gross income" set forth in the I.R.C. is integral to our analysis:
(a) General definition. -Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:
(1) Compensation for services, including fees, commissions, fringe benefits, and similar items;
(2) Gross income derived from business;
(3)Gains derived from dealings in property ;
....
I.R.C. § 61(a) (2012) (emphasis added).[5] Section 1001(a) of the I.R.C. explains how to calculate gains and losses derived from dealings in property. Further, Treasury Regulation section 1.61-6(a) provides:
Gain realized on the sale or exchange of property is included in gross income, unless excluded by law. For this purpose property includes tangible items, such as a building, and intangible items, such as goodwill. Generally, the gain is the excess of the amount realized over the unrecovered cost or other basis for the property sold or exchanged. The specific rules for computing the amount of gain or loss are contained in section 1001 and the regulations thereunder.
Similarly-for income tax purposes-South Carolina has adopted the federal definition of and method for calculating gross income; therefore, Olds' reported gross income to the IRS and the SCDOR-at least regarding his dealings in real property-would be identical. See S.C. Code Ann. §§ 12-6-50, -1110, -1120 (2014 & Supp. 2017).
"The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature."
**249 Mikell v. Cty. of Charleston , 386 S.C. 153, 160, 687 S.E.2d 326, 330 (2009). "When interpreting an ordinance, the legislative intent must prevail if it can be reasonably discovered in the language used." Id. "An ordinance must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." Charleston Cty. Parks & Recreation Comm'n v. Somers , 319 S.C. 65, 68, 459 S.E.2d 841, 843 (1995). "In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation." City of Myrtle Beach v. Juel P. Corp. , 344 S.C. 43, 47, 543 S.E.2d 538, 540 (2001).
Olds argues the lower courts' interpretation of the term "gross income" does not conform to the definition used by the City in the ordinance. Olds contends the City has erroneously required his business license fee to be calculated on "gross receipts"/"sales price" rather than a properly calculated "gross income." He argues that the ordinance-as written-requires the City to define his gross income as "[g]ains derived from dealings in property." See I.R.C. § 61(a)(3). Olds argues the court of appeals did not interpret the ordinance but essentially rewrote it to comport with its own notion of the meaning of the term.
Again, pursuant to section 5-7-30 of the South Carolina Code, the City is permitted to "levy a business license tax on gross income." The City's ordinance first defines gross income as "[t]he total revenue of a business, received or accrued, for one calendar year, collected or to be collected by a business within the city ...." Goose Creek City Code *11 § 110.001 (emphasis added). As noted by the court of appeals, Black's Law Dictionary defines revenue as "[i]ncome from any and all sources; gross income or gross receipts." Revenue , Black's Law Dictionary (10th ed. 2014). This Court and other municipalities across our state have previously allowed gross income to be equated with total revenue when calculating the amount of a business license fee. See Town of Hilton Head Island v. Kigre, Inc. , 408 S.C. 647, 760 S.E.2d 103 (2014) (rejecting a constitutional challenge to a business license fee calculated using a business's gross income which was defined as the "total revenue of a business"). **250 However, the City's ordinance goes from broadly defining gross income as "the total revenue of a business" to narrowly mandating that the gross income figure reported to the City "shall conform" to the gross income reported to the State Tax Commission.[6] See Mikell , 386 S.C. at 160, 687 S.E.2d at 330 ("[W]here two provisions deal with the same issue, one in general and the other in a more specific and definite manner, the more specific prevails."). We find such a clear mandate made by the City in its ordinance requires Olds' gross income figure to conform to the gross income figure he reported to the SCDOR.
When determining South Carolina gross income for income tax purposes, certain modifications are made to federal gross income. See S.C. Code Ann. § 12-6-560 (2014) ("A resident individual's South Carolina gross income ... is computed as determined under the [I.R.C.] with the modifications provided in Article 9 of this chapter and subject to allocation and apportionment as provided in Article 17 of this chapter."). However, none of the modifications provided are applicable to Olds' situation. See S.C. Code Ann. § 12-6-1120 (2014) (providing a list of modifications to gross income under the I.R.C.). Additionally, section 12-6-50 of the South Carolina Code (2014 & Supp. 2017) lists I.R.C. sections that are specifically rejected in South Carolina. Section 61 of the I.R.C. has not been rejected; therefore, the definitions of gross income under section 61 are determinative. Thus, under the facts of this case, South Carolina gross income (for income tax purposes) is equal to federal gross income (for income tax purposes). Since section 61(a)(3) of the I.R.C. defines gross income as "[g]ains derived from dealings in property," the plain language of this narrow provision in the ordinance requires Olds to report the **251 same gross income figure to the City as he would report to the IRS and SCDOR. His gross income under the ordinance is therefore equal to his "[g]ains derived from dealings in property." See Norman J. Singer, Sutherland Statutory Construction § 46.03 at 94 (5th ed. 1992) ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature.").
The City addressed the impact of the "shall conform" language by arguing it "appears to be a historical artifact" and "it is impossible for the Court to give effect to this provision."[7] Although this sentence may indeed be a historical artifact due to the South Carolina Tax Commission having been replaced by the SCDOR, we disagree with the City's contention that this Court should not give any effect to the language of this provision. See State v. Sweat , 386 S.C. 339, 351, 688 S.E.2d 569, 575 (2010) ("A statute should be so construed that no word, clause, sentence, provision or part shall be rendered surplusage, or superfluous." (quoting In re Decker , 322 S.C. 215, 219, 471 S.E.2d 462, 463 (1995) ) ). The City conceded at oral argument that its interpretation of the ordinance would be incorrect if the "shall conform"
*12 language referred to the SCDOR rather than the State Tax Commission. There is no practical difference between the two.
The City places great emphasis upon how business license fees have historically been calculated by the City and by other municipalities throughout the state. The City included in the record the business license ordinances of forty municipalities throughout the state. Of these other ordinances, thirty-one do not include the language that gross income "for business license purposes shall conform to the gross income reported to" the Tax Commission/SCDOR or the IRS. How other municipalities calculate business license fees under differently-worded ordinances, or even under identically-worded ordinances, is of no import to our conclusions in this case. The plain language of the City's ordinance mandates that a business's gross income comport to the gross income reported to the State Tax Commission (now SCDOR).
**252 Support for the position that the plain language of the City's ordinance adopted the federal definition can be found elsewhere in the ordinance. See Liberty Mut. Ins. Co. v. S.C. Second Injury Fund , 363 S.C. 612, 623, 611 S.E.2d 297, 302 (Ct. App. 2005) ("Statutes must be read as a whole and sections which are part of the same general statutory scheme must be construed together and given effect, if it can be done by any reasonable construction."). Section 110.001 of the ordinance further provides, "The GROSS INCOME for business license purposes may be verified by inspection of returns and reports filed with the [IRS], the [SCDOR], the South Carolina Insurance Commission or other government agency." Section 110.003(C) states, "The Business License Inspector, upon approval of the Finance Director, may disclose gross income of licenses to the [IRS], [SCDOR] and other municipal or county offices for the purpose of assisting tax assessments, tax collections and enforcement." Additionally, section 110.008(B) of the ordinance requires the applicant to certify that he has accurately reported gross income without any unauthorized deductions, and that he "may be required to submit copies of portions of state and federal income tax returns reflecting gross income figures." Because the City's ordinance allows for the use of IRS and SCDOR tax return figures for verification and disclosure purposes, it logically follows that the City wanted the reported gross income figures to match.
Further support for the position that the plain language of the ordinance adopted the I.R.C. definition of gross income can be found in statements made by the City during litigation. For example, in a letter written by the City's attorney to City Council prior to Olds' municipal appeal hearing, the City's attorney stated, "[T]he City's definition is in accord with the [I.R.C.]. [I.R.C.] Section 61 defines gross income. [I.R.C.] Section 61(a) states that [e]xcept as otherwise provided in this subtitle, gross income means all income from whatever source derived ." Although the City's attorney contended the City's interpretation of its ordinance was congruent with section 61, the City's attorney did not address the narrower definition of gross income (argued by Olds) several lines down in section 61(a)(3). Similarly, the City Council's meeting minutes indicate it based its decision in Olds' municipal appeal on the fact that the City's definition of gross income complied **253 with the federal definition as explained in the City's attorney's letter.
V. CONCLUSION
Based on the plain language of this particular ordinance, we find the City adopted the definition of gross income as provided in section 61(a)(3) of the I.R.C. for Olds' particular business. For Olds' business, "gross income" therefore means "[g]ains derived from dealings in property." For the years in dispute, Olds' business license fee must be calculated according to Olds' gains derived from dealings in property.[8] We therefore REVERSE the court of appeals.
BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.

The City's ordinance refers to this as a business license "fee"; however, a business license fee operates essentially as a tax.

The City's business license renewal form uses the term "actual gross receipts" rather than "gross income." However, the form also includes a section for the applicant to certify he or she has accurately reported the business's "gross income."

Olds brought additional causes of action against the City for (1) a violation of equal protection; (2) a violation of procedural due process; (3) abuse of process; (4) violations of 42 U.S.C. § 1983 and article I, section 22 of the South Carolina Constitution ; and (5) a violation of the South Carolina Freedom of Information Act (FOIA). Olds also brought a civil conspiracy claim against the City Business License Inspector and the City Finance Director and a breach of contract claim against the City's Department of Public Works. None of Olds' additional causes of action is before this Court.

Although defined in section 110.001, the term "gross receipts" does not appear elsewhere in the ordinance.

Certain I.R.C. code sections are not adopted in South Carolina; however, section 61 is not one of those sections. See S.C. Code Ann. § 12-6-50 (2014 & Supp. 2017) (providing a list of I.R.C. sections that are specifically not adopted in South Carolina). Therefore, we must take into account the provisions of section 61 in interpreting the ordinance.

The State Tax Commission was subsumed into the South Carolina Department of Revenue. See S.C. Code Ann. § 12-4-10 (2014) (declaring "[t]he South Carolina Department of Revenue is created to administer and enforce the revenue laws of this State"). Effective July 1, 1993, the State Tax Commission formerly provided for in section 12-3-10 of the South Carolina Code (1976), was transferred to, and incorporated in, the South Carolina Department of Revenue and Taxation. See S.C. Code Ann. § 1-30-95 (2005). Thereafter, on February 1, 1995, the duties and powers given to the commissioners of the Department of Revenue were transferred to the director of the Department of Revenue. See S.C. Code Ann. § 12-2-5 (2014).

The City amended the ordinance in 2017, and this provision was deleted.

As we have noted several times, the first line in the disputed section of the ordinance defines gross income as "the total revenue of a business." Olds argues that he should prevail under that portion of the ordinance as well, as he claims the term "total revenue" should not be defined as his total receipts but rather should be defined as only the gains he realizes from his real estate endeavors. We need not address that issue. See Futch v. McAllister Towing of Georgetown, Inc. , 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when disposition of a prior issue is dispositive).